Elizabeth A. **COCKERHAM**

v.

Dr. James M. **HOWELL.**

Civ. A. No. 3279.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

March 29, 1967.

Louis J. Ourso, Jr., Hammond, La., for plaintiff.

Edward W. Gray, Percy, Macmurdo & Gray, Baton Rouge, La., for defendant.

WEST, District Judge:

This is a suit for personal injuries which was originally filed by the plaintiff in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana. Plaintiff sued for $55,500, which amount was broken down in her State Court petition as follows:

| | |
|---|---|
| Hospital and Medical Expenses | $ 3,000.00 |
| Future Medical Expenses | $ 2,500.00 |
| Physical Pain and Suffering | $25,000.00 |
| Permanent Injury | $15,000.00 |
| Mental Anguish and Pain | $10,000.00 |
| TOTAL .......... | $55,500.00 |

These injuries and damages were allegedly sustained when the plaintiff, a 69 year old lady, was struck by a vehicle owned by Dr. James M. Howell and driven at the time by his daughter, Mary Louise Howell, while the plaintiff was attempting to cross the highway. After the suit was filed, the defendant, Dr. James M. Howell, through his attorney, removed the case from the State Court to this Court. The removal petition alleges that the plaintiff is a citizen of the State of Louisiana and that

the defendant is a citizen of the State of Mississippi, and that the amount in controversy exceeds, exclusive of interest and costs, the sum of $10,000, and that thus this matter is removable under the provisions of 28 U.S.C.A. § 1441.

A pre-trial conference was held and it appeared quite obvious at that time after the attorneys had fully divulged to the Court and to each other the proofs they expected to offer that this matter did not involve the jurisdictional amount required to give this Court jurisdiction. However, out of an abundance of caution, the case was set for trial, and was, in fact, tried before this Court, without a jury, on February 20, 1967. After hearing the evidence presented at this trial, this Court concludes that it is without jurisdiction over this case for the reason that less than the required jurisdictional amount is involved in this dispute.

Upon the trial of this case, counsel for the plaintiff presented his evidence pertaining to the question of liability, but it was not until requested by the Court that any evidence whatsoever was offered in support of the damages sought. The plaintiff was not even questioned at all concerning any pain and suffering, either physical or mental, that she might have suffered as a result of this accident, nor was she questioned at all about any hospital or medical expenses either past or future. No other witnesses were produced to prove damages. There was no evidence at all pertaining to any permanent injury resulting from this accident. As a matter of fact, the only evidence introduced at this trial pertaining to damages or the extent of plaintiff's injuries was what purports to be a rather illegible copy of a charity hospital record showing that this 69 year old plaintiff was admitted to the hospital following an automobile accident on August 25, 1964, and that her injuries were apparently diagnosed as a fractured right lateral malleolus; fractured right wrist; mild concussion; and general abrasions. As near as can be determined from this record, the fractures were set and post-casting x-rays showed alignment to be excellent. She was apparently discharged from the hospital two days later, on August 27, 1964, with her only complaint being of general soreness. On September 19, 1964, x-rays showed excellent alignment of both fractures. Both ankle and wrist were out of the cast and advanced healing was noted. The last entry on the record is dated October 24, 1964, and while this entry is, to a large extent, unreadable, it apparently shows that the plaintiff made her last visit to the doctor on that day, and this record further seems to indicate that she was "doing well" and that she was apparently walking without difficulty. Plaintiff's counsel did not have anyone at the trial interpret this record, but merely introduced it as an exhibit for whatever it was worth. Not one single bit of evidence was otherwise presented to show the extent of damage suffered by this plaintiff. After carefully considering the jurisprudence, both State and Federal, pertaining to damages, it is concluded by this Court that on the basis of this hospital record alone, it cannot be said that there is a good faith claim to damages in excess of $10,000 involved. The plaintiff did not even attempt to prove any hospital and medical bills whatsoever, nor did she attempt in any way to prove any pain or suffering resulting from this accident. Thus it must be assumed that these claims are not made in legal good faith. The only other element of damage claimed is for "permanent injury." But plaintiff again failed to present one word of evidence as to any "permanent injury" resulting from this accident. The hospital record does show some physical injury growing out of the accident, but by no stretch of the imagination could this meager hospital record, standing alone, support the allegation that permanent injury resulted from this accident, nor

could it support a judgment for anything close to the sum of $10,000.

The Court is duty bound to inquire into the question of its jurisdiction over cases brought before it. Fed.Rules Civ.Proc. Rule 12(h) (3), Cameron, et al. v. Hodges, et al., 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132 (1888); Barkhorn v. Adlib Associates, Inc., 345 F.2d 173 (CA9 1965); Williams, etc., et al. v. W. R. Grace & Company, etc., et al., 252 F.Supp. 821 (E.D. Tenn.1966); Wright, Federal Courts, Section 7. When it decides that jurisdiction is lacking, it has no authority to proceed further with an adjudication of the issues on their merits. The mere allegation in the complaint that the plaintiff is demanding in excess of $10,000 is not necessarily sufficient to invoke the diversity jurisdiction of this Court. The claim of the plaintiff must be made in legal good faith. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Otis Elevator Company v. Seale, 334 F.2d 928 (CA5 1964); Bankers Life & Casualty Company v. Namie, 341 F.2d 187 (CA5 1965). If the Court concludes to a legal certainty that less than the jurisdictional amount is actually involved in the case, the Court must dismiss for lack of jurisdiction. In this case the Court now concludes that, to a legal certainty, the record in this case reflects that the jurisdictional amount of over $10,000, exclusive of interest and costs, is not involved, and that both the plaintiff's claim for damages in excess of $10,000, and the defendant's assertion in his removal petition that an amount in excess of $10,000 is involved are assertions not made in legal good faith. Since this matter is here before this Court not because the plaintiff invoked its diversity jurisdiction, but rather because the defendant removed the plaintiff's case from the State Court by attempting to invoke the diversity jurisdiction of this Court, plaintiff's suit will not be dismissed, but will, instead, without this Court in any way attempting to pass upon the question of liability, be remanded to the State Court from which it was removed for further proceedings in accordance with the laws of the State of Louisiana.