Katherine H. THOMPSON

v.

Patricia T. GILLEN.

Civ. A. No. 80–0161–R.

United States District Court, E. D. Virginia, Richmond Division.

March 24, 1980.

James C. Breeden, Dunton, Simmons & Dunton, White Stone, Va., for plaintiff.

J. Riley Johnson, Jr., Norfolk, Va., for defendant.

## MEMORANDUM

### I

WARRINER, District Judge.

■ This action was initially filed in the Circuit Court of Lancaster County, Virginia, as a partition suit. Defendant, on 22 February 1980, filed a timely petition for removal and, in this Court, has filed a counterclaim that is the subject of a motion to dismiss. Although no motion for remand has been filed by plaintiff, courts of limited jurisdiction, such as this Court, have the duty, *sua sponte*, to determine in each case their jurisdiction to proceed. *United States v. Beasley*, 558 F.2d 1200, 1201 (5th Cir. 1977); *Hill v. United Fruit Co.*, 149 F.Supp. 470 (S.D.Cal.1957); *Cockerham v. Howell*, 265 F.Supp. 593, 595 (E.D.La.1967); Fed.R. Civ.P. 12(b)(3). The Court has examined the pleadings and determined that it lacks removal jurisdiction. Accordingly, the Court must order a remand.

### A

■ Removal statutes are strictly construed. *Shamrock Oil & Gas Corp. v.*

*Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Chesapeake & Ohio Railway v. Cockrell*, 232 U.S. 146, 151, 34 S.Ct. 278, 279, 58 L.Ed. 544 (1914). Professor Wright has explained that "[t]he prevailing judicial attitude rests on the inexpediency, if not unfairness, of exposing [the parties] to . . . a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal." 14 C. Wright, A. Miller, & E. Cooper, Fed.Prac. & Proc. § 3721 (1976).

■ A second, more subtle, but equally important reason for strict construction of removal statutes is that the exercise of removal jurisdiction—particularly when based on diversity—is in derogation of State sovereignty. *See Chicago Rock Island & Pacific Railway v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900). State courts, as a rule, are courts of general jurisdiction. Federal courts, in contrast, are courts of limited jurisdiction. Although our federal system, as it is currently fashioned [1], permits a State court defendant to remove a case to federal court, that right is limited by the scope of original federal jurisdiction. *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct.

---

1. Bills that substantially would alter the scope of diversity jurisdiction have been submitted to the Congress in recent years. In 1978 both Houses considered legislation to eliminate diversity jurisdiction. S. 2389, 95th Cong., 2d Sess. (1978); H.R. 9622, 95th Cong., 2d Sess. (1978). Another proposal would have increased the jurisdictional amount to $25,000 and denied diversity jurisdiction to an in-State plaintiff. *See* S. 2094, 95th Cong., 2d Sess. (1978); H.R. 7342, 95th Cong., 1st Sess. (1977); H.R. 5546, 95th Cong., 1st Sess. (1977). The House of Representatives currently is considering legislation to abolish diversity jurisdiction and eliminate the amount in controversy requirement. H.R. 130, 96th Cong., 1st Sess. (1979); H.R. 2202, 96th Cong. 1st Sess. (1979).

These bills are but part of a long-standing debate about the desirability of diversity jurisdiction. Two early critics were Justices Jackson and Frankfurter. Jackson, The Supreme Court in the American System of Government 37 (1955); Frankfurter, *Distribution of Judicial Power Between United States and State Courts*, 13 Cornell L.Q. 499 (1931). For further commentary, *see generally* Bratton, *Diversity*

*Jurisdiction—An Idea Whose Time Has Passed*, 51 Ind.L.J. 347 (1976); Doub, *Time for Re-Evaluation: Shall We Curtail Diversity Jurisdiction?* 44 A.B.A.J. 243 (1958); Friendly, *The Historic Basis of Diversity Jurisdiction*, 41 Harv.L.Rev. 483 (1928); McGowan, *Federal Jurisdiction: Legislative and Judicial Change*, 28 Case W.Res.L.Rev. 517 (1978); Rowe, *Abolishing Diversity Jurisdiction: Positive Side Effects and Potential for Further Reforms*, 92 Harv.L.Rev. 963 (1979); Shapiro, *Federal Diversity Jurisdiction: A Survey and a Proposal*, 91 Harv.L.Rev. 317 (1977).

This Court will not conceal its disaffection for the notion that federal jurisdiction over disputes between citizens of different States is necessary to protect out-of-State parties from local prejudice. State judges, no less than federal judges are obligated to provide a neutral forum. Moreover, State judges, in comparison with federal judges, are more likely to have competence, experience, and expertise in tort, contract, and real estate litigation; suits of this nature, which often are removable due to diversity, are ordinary grist for the mill of State courts.

1344, 1347, 31 L.Ed.2d 612 (1972). A federal judge, sensitive to the delicate nature of federal-State relations, must take care not to assume jurisdiction of a case or controversy that belongs exclusively before a State tribunal.

The petition for removal in the case at bar does not identify the statutory basis for removal jurisdiction. From an examination of the petition, however, it is apparent that the State defendant seeks removal, on the grounds of diversity of citizenship[2], pursuant to 28 U.S.C. § 1441(b).[3] The petition states that "[t]his action is of a civil nature, being a suit for partition of real estate in Lancaster County, Virginia." It is alleged, further, that the amount in controversy, exclusive of interest and costs, exceeds $10,-000. Lastly, the petition avers that plaintiff "is a resident of the State of Virginia," and that defendant "is a resident of Wyomissing, Pennsylvania."

■■■ Diversity of citizenship, being grounds for original federal jurisdiction, is also a basis for removal jurisdiction. *See generally*, J. Moore & J. Wicker, Moore's Fed.Prac. § 0.161 (1979). In the instant case, however, neither the removal petition, nor the bill of complaint filed in State court, nor any of the other pleadings before the Court[4], indicate or allege that the parties to this litigation are of diverse citizenship. The petition, as noted, does allege

that the parties reside in different States. But it is a long established proposition that domicile, not residence, determines State citizenship for the purposes of diversity jurisdiction. *Robertson v. Cease*, 97 U.S. 646, 24 L.Ed. 1057 (1878). Thus on the face of the pleadings the requisite diversity of citizenship is not alleged.

## B

■■■ It might be argued that the fair course for the Court to take would be to permit the petitioner to amend her petition to allege the State citizenship of the litigants. Apart from this Court's reluctance to act both as advocate and arbiter, other reasons exist for ordering a remand. During the thirty-day removal period one seeking removal generally has a right to amend his petition. *Garza v. Midland National Insurance Co.*, 256 F.Supp. 12, 15 (S.D.Fla. 1966). Here the statutory period for filing the removal petition, and thus for establishing jurisdiction, has expired. No amendment has been offered. In such a case, an amendment to the petition should be allowed only for the purpose of setting forth more specifically grounds for removal which had been imperfectly stated in the original petition; missing allegations may not be supplied nor new allegations furnished. *Van Horn v. Western Electric Co.*, 424 F.Supp. 920, 924–25 (E.D.Mich.1977).[5]

---

**2.** 28 U.S.C. § 1332 provides, in pertinent part, that federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

**3.** 28 U.S.C. § 1441(b) provides that civil actions not arising under the Constitution or other federal law "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.; see also* 28 U.S.C. § 1441(a).

**4.** Some courts look only to the complaint filed in State Court to determine whether the pleading is removable. *E. g., Winters Government Security Corp. v. NAFI Employers Credit Union*, 449 F.Supp. 239, 241–42 (S.D.Fla.1978). This Court shares the majority opinion that the whole record brought forward on removal

should be examined to determine removal jurisdiction. *See Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976). Even under this approach, however, the burden of establishing removal jurisdiction rests upon the party seeking to invoke it. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Carson v. Dunham*, 121 U.S. 421, 425, 7 S.Ct. 1030, 1031, 30 L.Ed. 992 (1887).

**5.** The rule stated in text, which is recognized by the majority of courts, appears to be the opinion law equivalent of 28 U.S.C. § 1653. That statute provides "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." *Id.* In the context of removal, § 1653 has been interpreted and applied strictly. *E. g., Evans-Hailey Co. v. Crane Co.*, 207 F.Supp. 193 (W.D.Tenn.1962). *See also Niswonger v. American Aviation, Inc.*, 411 F.Supp. 763 (E.D.Tenn.1974), *aff'd*, 529

The principle that amendment after the statutory period may be allowed to cure defective allegations of removal jurisdiction derives from *Kinney v. Columbia Savings & Loan Association*, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103 (1903). In *Kinney* a petition for removal was filed that contained a general averment of diverse citizenship. The petition stated, further, that the defendant was a citizen of Colorado. What the petition failed to indicate, and what—by its absence—prompted a motion for remand, was the State citizenship of the plaintiff; supplementary papers, however, indicated that the plaintiff was a resident of Utah. The federal trial court, before considering the case on its merits but after the removal period had lapsed, granted leave to amend the petition to show the citizenship of the plaintiff. The action was approved by the Supreme Court, which noted that an amendment to show diverse citizenship is proper when in a removal petition "there is a technical defect and there are averments sufficient to show jurisdiction." *Id.*, at 83, 24 S.Ct. at 33. *See also Southern Pacific Co. v. Stewart*, 245 U.S. 359, 363, 38 S.Ct. 130, 131, 62 L.Ed. 345 (1917).

In contrast to *Kinney*, and factually indistinguishable from the case *sub judice*, is *Yarbrough v. Blake*, 212 F.Supp. 133 (W.D. Ark.1962). In *Yarbrough* the State defendant filed a petition for removal pursuant to 28 U.S.C. § 1441(b). The petition alleged a diversity of residence between the litigants but not a diversity of citizenship. Judge Miller remanded the case, holding that a federal court could not acquire jurisdiction in the absence of an allegation of diverse citizenship. The Judge also refused to grant leave to amend the removal petition because, as here, the removal period had expired, and because, as here, the petition

contained not defective allegations of jurisdiction, but no allegations of jurisdiction. 212 F.Supp. at 144. On these facts, Judge Miller distinguished the Supreme Court's decision in *Kinney*:

> The rule of the *Kinney* case has been interpreted to allow amendments under § 1653 . . . to cure defects of form but not of substance. . . . Both prior to and subsequent to the *Kinney* case the facts upon which removal was based were required to be affirmatively set out. That an amendment will be allowed to permit the grounds for removal to be more perfectly stated is not inconsistent with this requirement. . . . This only means that an amendment will be allowed when there are enough facts alleged in the petition and accompanying pleadings to enable the Court to determine without more that the basis for removal is present. . . . But where the essential facts necessary to justify removal are not alleged either perfectly or imperfectly, then the case must be remanded.

212 F.Supp. at 139 (quoting *F & L Drug Corp. v. American Central Insurance Co.*, 200 F.Supp. 718, 722 (D.C.Conn.1961) (citations omitted)).

The *Yarbrough* decision is supported by a large body of precedent that this Court finds persuasive.[6] Professor Wright has criticized the decisions denying amendment in these circumstances as "unnecessarily grudging." C. Wright, A. Miller, E. Cooper, Fed.Prac. & Proc. § 3733 (1976). *See also* J. Moore & J. Wicker, Moore's Fed.Prac. ¶ 0.157[10.2] (2d ed. 1979). Were the requirements of diversity removal less plain, were the consequences of an improvident exercise of federal jurisdiction less severe,

---

F.2d 526 (6th Cir. 1976) (defective allegations of jurisdiction may be amended pursuant to 28 U.S.C. § 1653 to cure defects of form but not of substance).

6. *See, e. g., Fort v. Ralston Purina Co.*, 452 F.Supp. 241 (E.D.Tenn.1978); *Van Horn v. Western Electric Co.*, 424 F.Supp. 920 (E.D. Mich.1977); *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514 (E.D.Ky.1967); *Carlton Properties, Inc. v. Crescent City Leasing Corp.*, 212

F.Supp. 370 (E.D.Pa.1962); *Franks v. City of Okemah, Oklahoma*, 175 F.Supp. 193 (E.D.Okl. 1959); *Browne v. Hartford Insurance Co.*, 168 F.Supp. 796 (N.D.Ill.1959); *But see Buell v. Sears, Roebuck & Co.*, 321 F.2d 468 (10th Cir. 1963); *Firemen's Insurance Co. of Newark, New Jersey v. Robbins Coal Co.*, 288 F.2d 349 (5th Cir.), *cert. denied*, 368 U.S. 875, 82 S.Ct. 122, 7 L.Ed.2d 77 (1961).

and were the effects of remand less palatable, this Court might be influenced by such an argument. But it is not too much, in this Court's view, to expect any lawyer to plead federal jurisdiction with care. A judgment rendered on removal when remand was required is a costly pronouncement of no value. Remand in the ordinary diversity case puts trial in the hands of a State judge experienced in that type litigation rather than a federal court where diversity cases constitute a minor part of the docket.

## II

The Court concludes that it lacks removal jurisdiction. The State defendant, in her petition for removal, has not simply alleged federal jurisdiction imperfectly; she has failed to allege jurisdiction at all. Moreover, the statutory period for filing a removal petition has expired, and no amendment to the petition has been offered. In these circumstances it is not for the Court, on its own motion, to direct the petitioner to amend her pleading and establish the Court's authority to hear and decide the case. Finally, even if proffered, an amendment should not be filed. Accordingly, mindful of the affirmative command of 28 U.S.C. § 1447(c), the Court will order a remand.

An appropriate order shall issue.