**Judy D. COOK, Administratrix of the Estate of Patricia Ann Romig, Deceased**

v.

**Cynthia ROBINSON, Individually and in her official capacity as a Police Officer for the City of Richmond, et al.**

**Civ. A. No. 85–0467–R.**

United States District Court, E.D. Virginia, Richmond Division.

June 24, 1985.

188

Carl J. Witmeyer, II, Witmeyer, Webb & Phillips, Richmond, Va., for plaintiff.

John Oakey, Jr., Christopher Spencer, McGuire, Woods & Battle, Richmond, Va., for defendant.

1. Defendants John and Jane Doe are not real persons; they were named as defendants in this action because there are certain unknown par-

## ORDER

WARRINER, District Judge.

Presently before the Court is a matter filed by plaintiffs on 23 May 1985 styled as Plaintiff's Objection to Defendants' Petition for Removal, which this Court will treat as a motion to remand.

This action was initially brought in the Circuit Court of the City of Richmond on 25 March 1985 and removed to this Court on 10 May 1985. The action in State court was brought against five defendants: Cynthia Robinson, individually and in her official capacity as a police officer of the City of Richmond; the City of Richmond; Starling King, individually and in his official capacity as a police officer of the City of Richmond; John Doe, individually and in his official capacity as a police officer of the City of Richmond; and Jane Doe, individually and in her official capacity as a police officer of the City of Richmond.[1]

28 U.S.C. § 1441 defines those actions that are removable from State to federal court. Section 1441 provides in pertinent part:

(a) except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-

ties alleged to have caused or contributed to the deceased's injury.

removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.[2]

28 U.S.C. § 1447(c) requires, in pertinent part, that: "[I]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just cost."

28 U.S.C. § 1446 prescribes the procedures to be followed by parties seeking removal. The applicable provisions of that section provide:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . . .

(d) Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.

■ Defendants' petition for removal contains a number of irregularities. Only petitioners Robinson, King, and the City of Richmond joined in the petition for removal. All defendants in a federal question case must join in the petition to remove. See *Aguiar v. Evans*, 607 F.Supp. 1418, 1420 (E.D.Va.1985). Defendants joining in the petition of course will argue that John Doe and Jane Doe, since they are unknown parties, cannot join in a petition. However, while the Does failed to join in the petition for removal, an answer was filed for them by counsel for the known defendants and the answer seeks relief for the Does. The removal bond mentioned "defendants," which I take to mean all defendants, despite the absence of the Does from the petition for removal. There is no indication in the record whether the Does have been served under applicable State procedure. If they in fact have not been served and if they are proper parties in this action, they would have the thirty day period established under 28 U.S.C. § 1446(b) to join the petition for removal. See *Balestrieri v. Bell Asbestos Mines, Ltd.*, 544 F.Supp. 528, 529–30 (E.D.Pa.1982).

However, because I determine that defendants Robinson, King, and the City of Richmond did not properly remove the action it must be remanded regardless of the necessity of Does joining in the petition and regardless of what they may subsequently do under § 1446.

Forty-six days elapsed between the time this action was initially filed in State court

---

**2.** 28 U.S.C. § 1331 provides, "The district court shall have original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States." The motion for judgment filed by plaintiff in the State court alleges that the acts of the defendants violated "laws of the Constitution of the United States, and particularly the First, Fourth, Fifth, Eighth, and Four-teenth Amendments thereof and 42 U.S.C. §§ 1983, 1985(2), (3), 1986, and 1988, and the Constitution of the Commonwealth of Virginia . . ." Plaintiff's Motion for Judgment Count 7, ¶ 17. Pursuant to 28 U.S.C. § 1441 plaintiff's claims arising under the Constitution and the laws of the United States and the pendent State claims are removable.

and its removal to this Court. Defendants are required under § 1446(b) to file the petition for removal within thirty days after receipt by defendants, by service or otherwise, of a copy of the initial pleading. Defendants on their petition failed to avow that this time requirement was met.

■■■ This Court follows the majority opinion that "the whole record brought forward on removal should be examined to determine removal jurisdiction." *Thompson v. Gillen,* 491 F.Supp. 24, 27 n. 4 (E.D.Va.1980) (citations omitted). Defendants did not, as required by § 1446(a) file copies of all process served upon them. The only process submitted in support of removal was the one directed to defendant Robinson. The failure to submit the process served on defendants King and City of Richmond is significant because the process could have served as an independent means of determining whether the petition for removal was timely filed. Defendants' lapse in avowing timely removal in their joint petition may have been obviated by the return shown on the process had defendants followed the requirement of § 1446(a) and filed in this Court "a copy of all process."

"Removal statutes are strictly construed." *Thompson v. Gillen,* 491 F.Supp. 24, 26 (E.D.Va.1980) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). The "thirty day limitation is mandatory and cannot be extended by the court." *Balestrieri,* 544 F.Supp. at 529. Defendants have failed, within the jurisdictional time period, to set forth all of the facts which entitle them to removal.

■■ Defendants did not defectively allege the timeliness of their petition, but rather failed to make any allegation at all concerning the timeliness of the petition. Therefore 28 U.S.C. § 1653 is inapplicable. See, e.g., *Richmond, Fredericksburg & Potomac Railroad Co. v. Intermodal Services, Inc.,* 508 F.Supp. 804, 807 (E.D.Va. 1981).

Accordingly, this action will be REMANDED pursuant to 28 U.S.C. § 1447(c) to the State court.

An appropriate judgment SHALL issue. And it is so ORDERED.