**Verna M. BINKLEY, Plaintiff,**

v.

**William D. LOUGHRAN, Sue Dupor, and Southern Bell Telephone and Telegraph Company, Defendants.**

**Verna M. BINKLEY, Plaintiff,**

v.

**William D. LOUGHRAN, Sue Dupor, Herman Baker, and Southern Bell Telephone and Telegraph Company, Defendants. (Two Cases)**

**Civ. Nos. C–87–900–G, C–87–901–G and C–88–399–G.**

United States District Court, M.D. North Carolina, Greensboro Division.

April 12, 1989.

Debra I. Johnson, High Point, N.C., and B. Ervin Brown, II, Winston–Salem, N.C., for plaintiff.

Fred T. Hamlet, R. Cameron Cooke, M. Daniel McGinn and William P.H. Cary, Greensboro, N.C., and Audrey L. Polk and Keith W. Kochler, Atlanta, Ga., for defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This case is once again before the court, this time on Defendants' motion for summary judgment on all of Plaintiff's claims. The procedural and factual history of the case is substantially set out in this court's memorandum opinion and order of November 10, 1988, 714 F.Supp. 768, in which the court denied Plaintiff's motion to remand this action to state court based upon the preemption of three of her state tort causes of action by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and pendent jurisdiction over Plaintiff's remaining state tort claim. By memorandum order filed March 17, 1989, this court also denied Plaintiff's motion for certification of an interlocutory appeal of its denial of her motion to remand.

Defendants base their motion primarily upon this court's order of November 10, arguing that, since three of Plaintiff's four causes of action are preempted by Section 301 and she failed to exhaust her grievance procedures as to those claims, summary judgment is appropriate. Defendants further argue that their motion should be granted as to Plaintiff's remaining state tort claim because no genuine issue of material fact exists as to that claim.

In response, however, Plaintiff takes issue with Defendants' assertion that this court's order of November 10 constitutes the law of the case, essentially rearguing the preemption issue. Regarding her state tort claim, Plaintiff further contends that a genuine issue of material fact does exist, making summary judgment inappropriate.[1]

---

1. Plaintiff also argues that, in the alternative,     since there is evidence that Defendant Southern

The doctrine of law of the case generally provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). While the doctrine directs a court's discretion rather than limiting its power, *id.,* in practice the doctrine is followed unless there has been an intervening change of controlling law, new evidence has become available, or the prior ruling is clearly erroneous and would work a substantial injustice. *See Doe v. New York City Dept. of Social Servs.,* 709 F.2d 782, 789 (2d Cir.), *cert. denied sub nom. Catholic Home Bureau v. Doe,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983); *In re Multi–Piece Rim Products Liability Litigation,* 653 F.2d 671, 678 (D.C.Cir.1981); *Handi Investment Co. v. Mobil Oil Corp.,* 653 F.2d 391, 392 (9th Cir.1981); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478 at 790 (1981).

In her brief in opposition to Defendants' motion for summary judgment, Plaintiff does not specifically identify which one of these exceptions to the law of the case doctrine applies. Instead, her primary contention is that, since a motion to remand is considered in light of the pleadings while all evidence is relevant when a court considers a motion for summary judgment, this court's denial of the motion to remand should not constitute the law of the case.

However, while it is true that a motion to remand is to be considered in light of the complaint as it existed at the time the removal petition was filed, this does not mean that the court is not to consider factual issues. On the contrary, the district court is to decide all issues of fact raised by a motion to remand. *Kerbow v. Kerbow,* 421 F.Supp. 1253, 1259 (N.D.Tex.1976); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3739 at 580–81 (1985). *See also Weekly v. Olin Corp.,* 681 F.Supp. 346, 348 n. 4 (N.D.W.Va.1987) (in considering motion to remand court should examine record as a whole to look at the substantive underpinnings of plaintiff's claim); *Cook v. Robinson,* 612 F.Supp. 187, 190 (E.D.Va.1985) (entire record brought forward on removal should be examined). In particular, where an issue exists as to whether a claim is governed by federal labor law, a court may look beyond the complaint for facts which would appear in a well-pleaded complaint. *See Machinists Automotive Trade Dist. Lodge No. 190 of Northern California v. Peterbilt Motors Co.,* 666 F.Supp. 1352, 1356–57 (N.D.Cal.1987).

Thus, as Defendants point out, this court did not consider Plaintiff's motion to remand from a review of the pleadings alone but instead fully examined factual contentions and arguments with respect to the motion. Reviewing documents filed subsequent to the court's order of November 10, the court cannot now say that any of the exceptions to the law of the case doctrine apply. No change in controlling law has occurred nor has any new evidence been discovered.[2] Nor does the court be-

---

Bell ratified Defendant Loughran's conduct and may be paying his attorney fees in connection with this action, Defendant Southern Bell has somehow waived the defense of preemption. However, as Defendants note, Section 301 preemption is not a defense, but instead operates to completely preempt state law claims, converting "'an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987) (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 [1987]). Furthermore, to the extent that Southern Bell may have ratified Loughran's conduct or may be assisting him with his defense, such conduct

only reinforces Defendant Southern Bell's position that Loughran and the other individual Defendants were at all times acting within the scope of their employment and that preemption thus exists. Ratification and assistance could potentially damage Southern Bell's position only if it were determined that Loughran and/or the other individual Defendants did not act within the scope of their employment.

2. While Plaintiff's brief supporting her opposition to Defendants' motion for summary judgment now emphasizes gender discrimination as the primary basis of her intentional infliction of emotional distress claim, her arguments do not present any evidence to this court that was not already before it when the motion to remand was considered. The court also notes that, to

lieve that its ruling on the motion to remand was clearly erroneous and would work a substantial injustice to Plaintiff. Referring back to the complaint, the court notes that with regard to her intentional infliction of emotional distress claim, Plaintiff nowhere identifies Defendants' conduct as gender discrimination or sexual harassment, a claim she makes for the first time in her brief opposing summary judgment. While the court, as noted in its memorandum opinion, is sympathetic to the situation Plaintiff and others experienced at Southern Bell as a result of Defendant Loughran's conduct (which is documented in Southern Bell's own records), the court still finds preemption to exist in light of the fact that all of the individual Defendants supervised the Plaintiff and that Plaintiff heretofore emphasized Defendants' alleged conduct involving control of her outside business activities, work breaks, and use of the telephone during her working hours.[3]

■ Having determined, then, that this court's decision on the motion to remand does constitute law of the case, the court now turns to Defendants' arguments in support of its motion for summary judgment. With regard to Plaintiff's claims under Section 301, Defendants assert that, since Plaintiff failed to exhaust the grievance procedures provided in the collective bargaining agreement in force at Southern Bell, she may not now maintain any claims under Section 301. Defendants note that all of the claims Plaintiff has alleged in this action could have been addressed through Southern Bell's grievance procedure, which embraces any grievance which could be filed under Section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a). In addition, the affidavit of Raymond Giesler, Southern Bell's operations manager for labor relations, has several grievances attached which involve harassment.

The general rule regarding exhaustion of contractual procedures is set forth in *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), in which the Supreme Court determined that an employee must first attempt to utilize his or her grievance procedures before proceeding under Section 301. The court also added that where a grievance and arbitration procedure is available, any doubts as to whether it is the employee's exclusive remedy must be resolved in favor of exclusivity. *Id.* at 658–59, 85 S.Ct. at 619.[4]

---

the extent any new facts might be brought to light in this regard, they were certainly known by Plaintiff at the time the motion to remand and accompanying documents were filed, as her treatment by Defendants would have been peculiarly within her knowledge.

3. While, in attempting to reopen the preemption issue, Plaintiff devotes the majority of her argument to her intentional infliction of emotional distress claim, she also argues that the preemption issue should be reconsidered on her claim of invasion of privacy based on Defendants' alleged publication of the fact that she was receiving psychiatric care and her claim of trespass/conversion. With regard to the publication issue, Plaintiff argues that N.C.Gen.Stat. § 8–53 confers upon her a non-negotiable state law right to be protected against such publication. However, Section 8–53 protects a patient only from disclosure by physicians and any nurses, technicians, or other medical personnel who assisted or acted under the direction of the physician. *See State v. Efird,* 309 N.C. 802, 309 S.E.2d 228 (1983). Thus, the section would be inapplicable to disclosures by any of the Defendants.

Concerning conversion, Plaintiff asserts that the North Carolina Supreme Court's decision in *Peed v. Burleson's, Inc.,* 244 N.C. 437, 94 S.E.2d 351 (1956), pronounces a non-negotiable state law standard for determining whether conversion occurred. Under *Peed,* conversion is defined as "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Id.* at 439, 94 S.E.2d at 353 (quoting 89 C.J.S. *Trover & Conversion* § 1 [1955] ). However, this definition clearly does not provide an independent standard for determining whether conversion occurred, for what constitutes an "unauthorized" interference with another's ownership of goods or chattels depends upon the circumstances under which such interference arose. Thus, where a collective bargaining agreements exists, the terms and conditions thereof must be consulted to determine if the interference was indeed unauthorized or proper. Consequently, the definition of conversion in *Peed* does not remove the trespass/conversion claim from analysis under the collective bargaining agreement.

4. The *Republic Steel* decision indicates that it is only where the parties to a collective bargaining agreement expressly agree that its grievance and arbitration procedure is *not* exclusive that such

Finally, where the grievance and arbitration provision is exclusive, any decisions rendered thereunder are final and binding. *Hardee v. North Carolina Allstate Services, Inc.*, 537 F.2d 1255, 1258 (4th Cir.1976).

However, three exceptions to the exhaustion and finality rules have been developed. First, an employee will be excused from exhausting contractual remedies where the conduct of the employer amounts to a repudiation of such procedures. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Second, exhaustion and finality may be avoided where the union has breached its duty of fair representation. *Id.* Finally, an employee will not be bound by a decision rendered under the grievance procedure where the grievance committee exceeds its authority. *See Humphrey v. Moore*, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964).

The grievance and arbitration provision at issue is "exclusive" within the meaning of *Republic Steel*, and a review of the record in this case reveals that none of the exceptions to finality and exhaustion apply. Plaintiff has made no allegation that her union breached any duty to her, nor is there any evidence that Southern Bell repudiated any grievance procedures. Therefore, Plaintiff is not excused from having not exhausted her contractual remedies.[5] Defendants' alternative arguments in support of summary judgment need not be considered by this court and summary judgment shall be granted for Defendants on Plaintiff's claim under Section 301.

■ Plaintiff's remaining claim, a state law claim, involves an allegation that "the Defendants on more than one occasion told [her] and led her to believe that her telephone ... at home was being monitored" and that "any monitoring or wiretapping of the Plaintiff's home telephone ... was done without her knowledge or consent." Plaintiff's Third Complaint, ¶ 20. Plaintiff asserts that such activity gives rise to a claim of invasion of privacy based upon intrusion into her seclusion.

While no published opinions in North Carolina address invasion of privacy claims based upon intrusion into seclusion, three elements are generally recognized as required to prove such a claim: first, that the defendant made an actual intrusion; second, that the intrusion be such that it would be offensive or objectionable to a reasonable person; and, third, that the intrusion be upon the plaintiff's privacy or seclusion, *i.e.*, something intended and entitled to be private. W. Prosser, *Handbook of the Law of Torts* § 117 at 808 (4th ed. 1971). Wiretapping is generally sufficient to state a claim of intrusion into seclusion. *See id.* § 117 at 807; *Restatement (Second) of Torts* § 652B illustration 3 (1977). However, commentary and case law both indicate that for the tort to be complete plaintiff must also show that the defendant actually overheard the conversation. *See, e.g., Awbrey v. Great Atlantic & Pacific Tea Co.*, 505 F.Supp. 604, 606 (N.D.Ga. 1980) (tort consists of invasion of privacy of another by electronically overhearing private conversations without permission); *Restatement (Second) of Torts* § 652B comment b (invasion may consist of use of defendant's senses with or without mechanical aids to oversee or overhear the plaintiff's private affairs); Prosser, *Torts* § 117 at 807 (intrusion includes eavesdropping upon private conversations by means of wiretapping).

Thus, in determining whether Defendants' motion for summary judgment should be granted with regard to Plaintiff's intrusion claim, the court must examine whether a genuine issue of material fact exists as to any of the elements of such claim. In examining this issue, the court should assess all inferences in the light

provision will be deemed non-exclusive. *See Republic Steel*, 379 U.S. at 657–59, 85 S.Ct. at 618–19. In this case, the agreement states that grievance adjustments are final and binding.

**5.** Defendants note that a few of the instances about which Plaintiff complains were the subject of an informal conference first-step grievance. However, as Plaintiff has made no allegations that the union has breached its duty of fair representation or that the grievance committee exceeded the scope of its authority, Plaintiff must thus be bound by the resolution of those grievances.

most favorable to Plaintiff. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). "There is no genuine issue for trial unless sufficient evidence favors the nonmoving party for a jury to return a verdict for that party." *White v. Rockingham Radiologists Ltd.,* 820 F.2d 98, 101 (4th Cir.1987).

The court is satisfied that if the issue on intrusion were whether or not Plaintiff was being told that her telephone was being wiretapped [6] summary judgment would not be appropriate. Plaintiff has stated in her deposition that Defendant Loughran informed her that her telephone was being monitored, and the deposition of Pearl Norman, one of Plaintiff's supervisors, indicates that Loughran informed her that they would need to monitor Plaintiff closely. Thus, whether Loughran made such comments, which he denies, would come down to an assessment of the credibility of Plaintiff and any of her witnesses versus Loughran and any of his, a matter which clearly cannot be resolved on summary judgment.

However, this claim is concerned not with what Plaintiff was told but instead with whether or not her telephone actually was wiretapped. As to actual intrusion, Plaintiff has been unable to come up with anything beyond her assertions of wiretapping other than claiming she heard some popping and cracking noises on her telephone line. In response, Frank Rhodes, staff manager for security with Southern Bell, has stated in his affidavit that the noises Plaintiff says she heard would not be consistent with a properly installed wiretap. Mr. Rhodes also stated that a review of the company's wiretap records from 1980 to the present reveals no authorized or unauthorized wiretaps of any telephone registered to Plaintiff. In addition, he noted that any wiretap installed within the telephone office would be readily apparent to anyone working in the area and should have been reported to security.

Defendant Loughran's denials are further supported by the other Defendants and Ms. Norman, all of whom have stated that they never heard comments about Plaintiff's home telephone being monitored or wiretapped.[7] In addition, no apparent motive exists for the wiretapping of her home telephone. Such absence of motive is understandable given that the reason for any monitoring of Plaintiff appears to have been based on concerns that she was conducting her trucking business *on company time.* Plaintiff's management of her outside business on her personal time should have been of no concern to Southern Bell, and, indeed, on questioning from Southern Bell's attorney, Plaintiff could not think of a motive for why the company or its employees might be interested in wiretapping her home telephone. (Deposition of Verna R. Binkley, p. 107).

Thus, no evidence, direct or circumstantial, supports Plaintiff's position that her home telephone was being wiretapped by Defendant Loughran. At best, Plaintiff's deposition testimony merely reasserts the allegations in her pleadings, and this does not meet her burden under Fed.R.Civ.P. 56(e). *See* Fed.R.Civ.P. 56(e) (when motion for summary judgment has been made and supported, responding party must "set forth *specific* facts showing that there is a genuine issue for trial" [emphasis added]). *See also Kipps v. Ewell,* 538 F.2d 564 (4th Cir.1976) (specific facts showing genuine issue for trial must be presented to oppose properly supported motion for summary judgment). Therefore, there being no gen-

---

**6.** The court does not agree with Defendants that it should be so overly concerned with semantics as to grant their motion because Plaintiff at times referred to their alleged conduct as monitoring rather than wiretapping. To the average person, such terms could be used interchangeably to indicate electronic surveillance.

**7.** Plaintiff's brief in support of her opposition to summary judgment notes that "there were instances where statements made by the Plaintiff during telephone conversations at home with friends were repeated to her or enacted the following day at work." However, the citations to Plaintiff's deposition provided to support this statement relate only one instance where this supposedly occurred, and Plaintiff admits that she may "have mentioned [monitoring] to someone else." Also, the conversation at issue was with a Southern Bell employee, who could have repeated it.

uine issue of material fact as to whether Plaintiff's home telephone was wiretapped by any of the Defendants, summary judgment shall be granted for Defendants.

An order and judgment in accordance with this memorandum opinion shall be entered contemporaneously herewith.