**FHC OPTIONS, INC. Plaintiff,**

**v.**

**SECURITY LIFE INSURANCE COMPANY OF AMERICA,**
Defendant.

No. 2:97CV1181.

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 5, 1998.

Edwin Ford Stephens, Christian & Barton, LLP, Richmond, VA, for plaintiff.

Martin A. Donlan, Jr., Crews & Hancock, Richmond, VA, Judith Bowles Henry, Crews & Hancock, Richmond, VA, Wesley Glenn Russell, Jr., Crews & Hancock, P.L.C., Richmond, VA for defendant.

**OPINION AND ORDER**

MILLER, District Judge.

Plaintiff FHC Options, Inc. (FHC) is a Virginia corporation with its principal place of business in Norfolk, Virginia. Defendant Security Life Insurance Company (Security) is a Minnesota Corporation with its principal place of business in Minneapolis, Minnesota. FHC sued Security for breach of contract, misappropriation, and breach of fiduciary duty in the Circuit Court for the City of Norfolk. The Norfolk Circuit Court issued its Notice of Motion for Judgment ("NMFJ") to Security relating to this suit on November 24, 1997. The record before this Court does not contain a copy of the return made to the Norfolk Circuit Court upon service of FHC's NMFJ upon Security.

On December 23, 1997, Security, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, attempted to remove FHC's case to this Court. Accordingly, Security filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1446. *See FHC Options, Inc. v. Security Life Insurance Co. of America,* No. 2:97CV1181, *Notice of Removal* (E.D.Va. filed December 23, 1997). FHC now claims that this Notice of Removal is defective for two reasons: (1) it failed to allege facts showing the parties are diverse within the meaning of 28 U.S.C. § 1332; and (2) it failed to allege that Security had removed this action within the 30–day time limit of 28 U.S.C. § 1446(b). *See FHC Options, Inc. v. Security Life Insurance Co. of*

*America*, No. 2:97CV1181, *Plaintiff's Brief in Support of Remand* (E.D.Va. filed January 7, 1998). Accordingly, FHC asks this Court to remand the case to the Norfolk Circuit Court. *See FHC Options, Inc. v. Security Life Insurance Co. of America*, No. 2:97CV1181, *Motion to Remand* (E.D.Va. filed January 7, 1998). Security, in response to FHC's remand motion, filed a motion for permission to amend its Notice of Removal. *See FHC Options, Inc. v. Security Life Insurance Co. of America, Motion for Leave to Amend Notice of Removal*, No. 2:97CV1181, (E.D.Va. filed January 20, 1998). Therefore, pending before the Court now for disposition are FHC's Motion to Remand and Security's Motion to Amend its Notice of Removal.

The Court heard oral argument on these motions on February 2, 1998. For the following reasons, the Court GRANTS Security's Motion to Amend and DENIES FHC's Motion to Remand.

### I.

Any analysis of the questions posed by this case must begin with the statutory framework for removing a case to a federal court from a state court. To determine if FHC followed the correct removal procedure, the Court turns to the removal procedure statute, 28 U.S.C. § 1446(a):

> A defendant or defendants desiring to remove any civil action … from a state court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal … *containing a short and plain statement of the grounds for removal* ….

28 U.S.C. § 1446(a) (emphasis added).

28 U.S.C. § 1446(a) required Security to list in its Notice of Removal the grounds on which it based removal. Two separate statutes come into play at this point. The first one is 28 U.S.C. § 1441(b). 28 U.S.C. § 1441(b) says that there are only two possible grounds for Security's removal: federal question jurisdiction or federal jurisdiction based on diversity of citizenship. Therefore, Security *must*, pursuant to 28 U.S.C. § 1441(b), show this Court either the existence of a federal question or the parties'

diversity before this Court can accept Security's removing the case here. 28 U.S.C. § 1446(a) requires that Security make that showing on the face of its Notice of Removal.

The second statute at issue deals with timing. Specifically, 28 U.S.C. § 1446(b) says that Security must file its Notice of Removal within 30 days after it had received FHC's motion for judgment.

The questions raised in this case by these requirements are as follows: (1) Security failed to allege on the face of its Notice of Removal that Security had complied with the 30–day time limit of 28 U.S.C. § 1446(b). Is that failure fatal to Security's attempt to remove? And (2) On its face, due to Security's error in alleging its own state of incorporation, Security's Notice of Removal does not show diversity between FHC and Security. May this Court grant Security leave to amend its Notice of Removal to correct the error and properly show diversity?

It is to these questions that the Court now turns. It will first address Security's failure to plead meeting 28 U.S.C. § 1446(b)'s 30–day requirement.

### II.

Security's Notice of Removal failed to state that Security filed it within the 30–day period after receipt of FHC's Motion for Judgment. FHC maintains that Security's failure to include this statement of compliance with the 30–day period is fatal to Security's attempt to remove. *FHC Options, Inc. v. Security Life Insurance Co. of America*, No. 2:97CV1181, *Plaintiff's Brief in Support of Remand*, at 1 (E.D.Va. filed January 7, 1998). In order to determine whether Security's failure to plead that it met 28 U.S.C. § 1446(b)'s 30–day requirement requires remand, the Court again turns to 28 U.S.C. § 1446(a)'s requirements for a Notice of Removal's contents.

28 U.S.C. § 1446(a) requires Security simply to plead the "grounds" for removal. In other words, Security must plead all the grounds required to support this Court's jurisdiction. Obviously, Security must plead the parties' diversity to support this Court's jur-

isdiction. See 28 U.S.C. § 1332. Whether or not Security had to plead meeting the 30-day time limit turns on whether that time limit is itself jurisdictional. If the time limit is jurisdictional, then Security had to plead it. It the time limit is not jurisdictional, then Security did not have to plead it because following the time limit did not constitute a "grounds" for removing this case here to federal court.

█ It appears to be an open question in the Fourth Circuit whether the 30-day time limit of 28 U.S.C. § 1446(b) is jurisdictional. FHC has cited no case to this Court, nor has the Court independently found one, where the Fourth Circuit has determined whether the 30-day time limit is jurisdictional. However, overwhelming authority in other circuits holds that 28 U.S.C. § 1446(b)'s 30-day time limit is not jurisdictional. See Somlyo v. J. Lu–Rob Enterprises, 932 F.2d 1043, 1046 (2nd Cir.1991) ("while the statutory time limit is mandatory, it is merely a 'formal and modal requirement and is not jurisdictional,'" quoting Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir.1980)); see also Brown v. Employers Casualty Co., 792 F.2d 478, 481 (5th Cir.1986); Seaton v. Jabe, 992 F.2d 79, 81 (6th Cir.1993) ("[t]he strict time requirement for removal in civil cases is not jurisdictional"); Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir.1983); Northern Illinois Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir.1982). There seems to be a clear consensus among the Second, Fifth, Sixth, Seventh, and Ninth Circuits that the 30-day time limit of 28 U.S.C. § 1446(b) is not jurisdictional.

█ There is no question that courts construe 28 U.S.C. § 1446(b) narrowly, see Thompson v. Gillen, 491 F.Supp. 24, 26 (E.D.Va.1980); that failure to comply with the 30-day limit is grounds for immediately remanding a removed case to state court, see Northern Illinois Gas Co. v. Airco, Inc., 676 F.2d 270, 273 (7th Cir.1982); see also Shaw v. Dow Brands, Inc., 994 F.2d 364, 368 (7th Cir.1993); and that the parties cannot mutu-

ally consent to lengthen 28 U.S.C. § 1446(b)'s 30-day period, see, e.g., Cohen v. Hoard, 696 F.Supp. 564, 566 (D.Kan.1988). However, requiring strict procedural compliance with the 30-day limit does not automatically elevate this procedural requirement to a jurisdictional necessity.

In the face of Fourth Circuit silence on this precise question, and in light of the overwhelming authority from the other circuits on the non-jurisdictional nature of 28 U.S.C. § 1446(b)'s 30-day time limit, this Court holds that 28 U.S.C. § 1446(b)'s 30-day requirement is not jurisdictional. Therefore, it is not a "grounds for removal" within the meaning of 28 U.S.C. § 1446(a). Therefore, Security's omitting it from its Notice for Removal is not fatal to Security's attempt to remove this case here from the Norfolk Circuit Court.

In reaching its decision that Security's failure to plead meeting 28 U.S.C. § 1446(b)'s time limit does not require a remand, this Court has noted and carefully considered Cook v. Robinson, 612 F.Supp. 187 (E.D.Va. 1985). This Court acknowledges the fact that Cook held that failure to plead meeting 28 U.S.C. § 1446(b)'s 30-day time limit was a fatal error that required remanding. Cook, 612 F.Supp. at 190. However, this Court believes that Cook was wrongly decided.

The Cook court remanded the case to state court because the "defendants ... failed, within the jurisdictional time period, to set forth all of the facts which entitle them to removal." Cook, 612 F.Supp. at 190. Clearly, Cook considered the 30-day time limit jurisdictional; and, just as clearly, there is no substantive difference between Cook's facts and the facts present here. However, Cook cited no cases for its holding regarding the jurisdictional nature of the time period, and such a holding is so contrary to the great weight of authority cited above that the Court concludes that Cook was wrongly decided. This Court, therefore, having considered Cook's reasoning and holding, respectfully declines to follow it.[1]

---

1. The Court further notes that the district court judge who decided Cook was particularly predisposed to look with disfavor upon removal of cases to federal court based on diversity jurisdic-

tion, and perhaps this predisposition spilled over to his decision to depart from precedent and disallow removal in Cook, where removal was predicated on federal question jurisdiction. See

### III.

■ Having discussed the effect of Security's failure to plead compliance with 28 U.S.C. § 1446(b)'s 30–day time requirement, and determined that such a failure does not require a remand, the Court now turns to the second question before it: can Security amend its Notice of Removal to correct its defect in incorrectly pleading its own citizenship?

28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended . . . in the trial and appellate courts." It is clear that Security has incorrectly pled the facts required to support this Court's exercising diversity jurisdiction. Specifically, in its Notice of Removal, Security said: "The plaintiff in this action, FHC Options, Inc., is a Virginia corporation with a principal place of business in Norfolk, Virginia. The defendant, Security, is a Norfolk (sic) corporation with a principal place of business in Minneapolis, Minnesota." *FHC Options. Inc. v. Security Life Insurance Co. of America, Notice of Removal,* No. 2:97CV1181, ¶¶ 2 and 3 (E.D.Va. filed December 23, 1997). These facts as pled on the face of Security's Notice of Removal do not, as a matter of law, establish this Court's diversity jurisdiction.[2] Therefore, Security's Notice of Removal contains a technical error measured against the requirements of 28 U.S.C. § 1446(a). Can the Court, under 28 U.S.C. § 1653, allow Security to amend its Notice of Removal to plead jurisdiction properly?

The schools of thought on this question are split between the "liberal" school and the "strict constructionist" school. In the liberal view, Courts should liberally grant leave to amend jurisdictional allegations in Notices of Removal, with the test being the prejudice suffered by the plaintiff who originally chose the state forum. *See, e.g., Barrow Development Co. v. Fulton Insurance Co.,* 418 F.2d 316, 317–18 (9th Cir.1969). *See also* Wright, Miller, and Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3733. The strict constructionist school, on the other hand, holds that a court should not, after 28 U.S.C. § 1446(b)'s 30–day limit has expired, grant leave to amend jurisdictional allegations if the allegations are missing from the Notice of Removal. In this view, a Court should allow amendment under 28 U.S.C. § 1653 only if the jurisdictional allegation appears imperfectly, *Richmond, Fredericksburg, & Potomac Railroad Co. v. Intermodal Services, Inc.,* 508 F.Supp. 804, 805–06 (E.D.Va.1981), not if it is missing entirely. "[M]issing allegations may not be supplied nor new allegations furnished," *Thompson v. Gillen,* 491 F.Supp. 24, 27 (E.D.Va.1980), after 28 U.S.C. § 1446(b)'s 30–day time period has expired.

The Fourth Circuit has maintained a published silence on whether it favors the liberal or strict constructionist approach, though it has clearly indicated in at least one unpublished opinion that it favors the liberal interpretation.[3] The district courts in this district

---

*Thompson v. Gillen,* 491 F.Supp. 24, 27, n. 1 (E.D.Va.1980) (Warriner, District Judge).

**2.** Security did plead in paragraph 5 of its removal notice that "there is complete diversity of the parties. . . ." Though this conclusory statement does not meet 28 U.S.C. § 1446(a)'s requirement that Security plead the "grounds" for removal, it did eliminate any surprise, and therefore any prejudice, FHC may have suffered from Security's error in incorrectly pleading the grounds supporting Security's attempt at removal.

**3.** *See Nutter v. New Rents, Inc.,* 1991 WL 193490 (4th Cir.1991) (unpublished). Nutter had filed his breach of contract action in the state courts of West Virginia, and New Rents attempted to remove the case to federal court based on diversity of citizenship. Nutter moved to remand because New Rent had forgotten to plead on the face of its removal notice that New Rent's principal place of business was Kentucky. In other

words, New Rents had *omitted* an allegation of jurisdiction required by 28 U.S.C. 1332(c)(1), unlike Security here, which has merely made a mistaken allegation. In *Nutter,* as in Security's case here, 28 U.S.C. § 1446(b)'s 30–day limit had passed before New Rents moved to amend. The Fourth Circuit directly confronted the question of whether to allow an amendment to supply a *missing* jurisdictional allegation after 28 U.S.C. § 1446(b)'s 30–day limit had expired. It said:

> We . . . apply the majority rule that an amendment which merely perfects a technically defective jurisdictional allegation in a timely filed petition may be allowed after the 30–day removal period. Under 28 U.S.C. § 1653, defective allegations of jurisdiction may be amended, upon terms, in the trial and appellate courts. This was such an amendment.

*Nutter v. New Rents, Inc.,* 1991 WL 193490 at **2 (4th Cir.1991) (unpublished) (internal quotations omitted) (quoting with favor *Goforth v. Allstate*

are split over this question. *Cf. Richmond, Fredericksburg, and Potomac Railroad Co. v. Intermodal Services, Inc. .,* 508 F.Supp. 804, 805 (E.D.Va.1981) (strict constructionist view) and *Ginn v. Stegall,* 132 F.R.D. 166 (E.D.Va.1990) (liberal view). In Security's case here, this Court finds that it is unnecessary to determine which approach to adopt because, even under the more restrictive strict constructionist approach, Security may amend its Notice of Removal to cure its pleading defect because it omitted no required jurisdictional allegation in its Notice of Removal. It simply pled one required allegation imperfectly.

The Court holds that Security's assertion that it was a "Norfolk corporation" is an imperfectly stated allegation of diversity, not a missing allegation of diversity. Therefore, the Court will, under the strict constructionist test, allow Security to amend its Notice of Removal pursuant to 28 U.S.C. § 1653 to properly plead the state in which it is incorporated.

Two cases cited by FHC in arguing for remand show that this Court's allowing Security's amendment comports with even the strict constructionist approach. In *Barnhill v. Insurance Company of North America,* 130 F.R.D. 46 (D.S.C.1990), a corporation failed to allege in its Notice of Removal its principal place of business. It did not allege its place of business incorrectly; rather, it omitted it completely. *Barnhill* refused to allow the amendment. *Barnhill,* 130 F.R.D. at 52. Likewise, another omission from the Notice of Removal confronted a strict constructionist judge in *Thompson v. Gillen,* 491 F.Supp. 24 (E.D.Va.1980). In that case, the defendant seeking removal alleged only the state *residence* of the parties. She failed to allege the state *citizenship* of the parties. The Court found that the defendant "failed to allege jurisdiction at all," *Thompson,* 491 F.Supp. at 29, and remanded the case.

Contrast the situations in *Barnhill* and *Thompson* with Security's situation here. Security has not *omitted* an allegation required to support this Court's exercise of diversity jurisdiction. Security is required to

plead only the state of incorporation and principal place of business for both parties, *see* 28 U.S.C. 1332(c)(1), and it has done so. *See FHC Options, Inc. v. Security Life Insurance Co. of America,* No. 2:97CV1181, *Notice of Removal,* ¶¶ 2 and 3 (E.D.Va. filed December 23, 1997). Security did not omit a required allegation of citizenship; it simply alleged it imperfectly. Therefore, under the strict constructionist view of amendment, this Court will allow Security to amend its Notice of Removal pursuant to 28 U.S.C. § 1653 to replace its imperfect allegation of Norfolk incorporation with the correct allegation of Minnesota incorporation.

### IV.

For the reasons stated above, the Court:

A. GRANTS Security's Motion to Amend its Notice of Removal to identify correctly its state of incorporation; and

B. DENIES FHC's Motion to Remand this case to the Norfolk Circuit Court because:

1. Security's amendment will cure the defect occasioned by Security's imperfect allegation of its corporate citizenship; and

2. 28 U.S.C. 1446(b)'s 30–day time limit is not jurisdictional and, therefore, its absence from Security's Notice of Removal does not require remand.

---

*Insurance Co.,* 213 F.Supp. 595 (W.D.N.C.1963), which held that "jurisdiction ought to depend

more upon the truth of defendant's allegations of diversity than upon the ... choice of verbage.").