John T. PRICE, Plaintiff,

v.

FOOD LION, INC., Defendant.

Civ. A. No. 91–301–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 9, 1991.

Robert Epstein, Robert Epstein and Associates, Norfolk, Va., for plaintiff.

Mark Steven Davis, Robert William McFarland, McGuire, Woods, Battle & Boothe, Norfolk, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on plaintiff's objection to the removal of this action on the ground that defendant Food Lion, Inc. ("Food Lion") filed its notice of removal more than thirty days after the action was filed.

On July 12, 1987, plaintiff was allegedly injured while on the premises of defendant's grocery store in Norfolk, Virginia. Plaintiff filed a motion for judgment on March 23, 1989, in Norfolk Circuit Court against Food Lion and the owners of the property on which the store is located. Pursuant to Va.Code Ann. § 8.01–380, plaintiff nonsuited the property owners on February 21, 1990, nonsuited the remainder of the action at trial on December 10, 1990, and filed the instant action in Norfolk Circuit Court on April 17, 1991. Defendant's registered agent was served five days later. Defendant filed a notice of removal on May 14, 1991, claiming original jurisdiction in this court pursuant to 28 U.S.C. § 1332 (diversity of citizenship), to which plaintiff has objected.

Plaintiff is a Virginia citizen and Food Lion is a North Carolina citizen. However, since the three property owners named as defendants in the action filed March 23, 1989, were all Virginia citizens, complete diversity of citizenship was lacking in that action until the property owners were nonsuited on February 21, 1990.

Title 28 U.S.C. § 1446(b) allows a defendant to file a notice of removal up to thirty days after receipt of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based, ..." or if not removable as stated by the initial pleading, within thirty days after defendant receives

an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity of citizenship] more than 1 year after commencement of the action.

*Id.* In order to determine if defendant's notice of removal was filed in time, the court must decide which of the two motions for judgment is the initial pleading in the instant action. If the motion for judgment

filed March 23, 1989, is the initial pleading, then defendant has missed both the thirty-day and the one-year deadlines. On the other hand, if the motion for judgment filed April 17, 1991, is the initial pleading, then defendant's notice of removal was timely.

Plaintiff argues that the initial pleading setting forth the claim for relief upon which this action is based was filed on March 23, 1989, and that the motion for judgment filed on April 17, 1991, "is a mere continuation of the first." Plaintiff's Brief in Support of Objection to Removal at 2 (June 4, 1991) ("Plaintiff's Brief"). Consequently, plaintiff claims that defendant's notice of removal is untimely. If, as plaintiff argues, both filings are a part of the same action, then the instant action commenced on March 23, 1989. Under that reasoning, the action became removable when defendant received notice of the February 21, 1990, nonsuit of the property owners. According to plaintiff's argument, defendant's notice of removal was filed after the expiration of the thirty-day deadline. It would also be after the expiration of the one-year deadline of § 1446(b), if the court accepts plaintiff's argument.

Plaintiff asserts that Virginia law compels such a conclusion. According to plaintiff, the language of Va.Code Ann. § 8.01–229(E)(3) indicates that only one action is involved. Plaintiff's Brief at 2–3. That statute tolls the running of the statute of limitations during a nonsuited action and allows plaintiff to "recommence his *action* within six months from the date he suffers such nonsuit. . . ." Va.Code Ann. § 8.01–229(E)(3) (emphasis added). As additional support for his position, plaintiff cites Va. Code Ann. § 8.01–380, which generally requires that the subsequent motion for judg-

ment be filed in the same court in which the nonsuit was taken. Plaintiff's Brief at 2.

However, as defendant points out, Va. Code Ann. § 8.01–380(A) contemplates the possibility of an action being nonsuited in state court and being refiled in federal court. As stated in this section: "After a nonsuit no *new proceeding* on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, unless . . . such *new proceeding* is instituted in a federal court." Va.Code Ann. § 8.01–380(A) (emphasis added). Moreover, the clear language of this Virginia Code section classifies the second action as a "new proceeding" and makes a distinction between the "cause of action" and the "proceeding" on that "cause of action."

Neither party disputes that the cause of action in the instant proceeding is essentially the same as that in the first motion for judgment filed March 23, 1989. Nevertheless, pursuant to Virginia law, by nonsuiting the first lawsuit and refiling, plaintiff has begun a new proceeding on that same cause of action. Since section 1446(b) refers to "the initial pleading setting forth the claim for relief upon which such *action or proceeding* is based . . ." (emphasis added),[1] this statutory language then supports defendant's argument that the thirty-day and one-year time limits began to run when the new action or proceeding was filed in state court on April 17, 1991.[2]

The legislative history for § 1446 also supports defendant's interpretation. In 1988, Congress amended § 1446(b)

> to establish a one-year limit on removal based on diversity jurisdiction as a

---

1. Notably, § 1446(b) does not refer to the "cause of action," but rather to "such action or proceeding." For the phrase "such action or proceeding" to be analytically meaningful in the context of § 1446(b), the word "or" must indicate the substitutive character of the two words "action" and "proceeding," thereby equating the two.

2. To decide otherwise would allow manipulation of the rules in order to prevent removal of a diversity case to federal court. In other

words, if the time limits from the first action or proceeding continued to run after nonsuit and refiling, removal could be intentionally avoided by including a nondiverse defendant in the first complaint, nonsuiting the action, and then filing a second complaint on the same cause of action more than a year after the first complaint was filed. Any potential statute of limitation problems are eliminated by filing the second complaint within six months of the nonsuit. *See* Va.Code Ann. § 8.01–229(E)(3).

means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court.... Removal late in the proceedings may result in substantial delay and disruption.

134 Cong.Rec. S 16,308 (daily ed. Oct. 14, 1988). Because the April 17, 1991, filing began a new proceeding in state court, substantial progress has not yet been made in state court in the instant action. Defendant is attempting to remove the instant action early in this second proceeding, so removal would not cause substantial delay or disruption. By nonsuiting the action and filing a second proceeding, plaintiff has essentially started anew.

In addition, in a case similar to the instant action, the court held that the thirty-day and one-year limits of § 1446(b) do not begin to run at commencement of the nonsuited action, but instead begin on the date the subsequent action is filed. *Ginn v. Stegall*, 132 F.R.D. 166, 168 (E.D.Va.1990).

This court holds that by nonsuiting the action filed March 23, 1989, plaintiff rendered it irrelevant to the petition for removal filed in the subsequent action, which commenced on April 17, 1991. Since the § 1446(b) time limits started running on April 22, 1991, the day Food Lion's registered agent was served with the April 17, 1991, motion for judgment, the notice of removal was filed in a timely fashion. Therefore, plaintiff's objection to removal is OVERRULED.