**Lt. General William H. GINN, Plaintiff,**

v.

**Michael STEGALL, Defendant.**

**Civ. A. No. 90–0973–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 26, 1990.

Jon F. Mains, Mains & Mains, Alexandria, Va., for plaintiff.

Gary Brooks Mims, Brault, Palmer, Grove & Zimmerman, Fairfax, Va., for defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the court on plaintiff's motion to remand to the Circuit Court of Arlington County. The case arises from a personal injury action filed by the plaintiff in the Circuit Court of Arlington County and removed by the defendant to this court. Plaintiff alleges that the case was improperly removed.

On November 23, 1988, plaintiff filed suit in the Circuit Court of Arlington County.

This action was nonsuited on October 6, 1989. On February 28, 1990, plaintiff commenced this suit by filing an identical motion for judgment in the Circuit Court of Arlington County. The motion for judgment was never served upon the defendant. Defendant inadvertently learned of the suit and simultaneously answered in state court and filed a notice and petition for removal to this court. Plaintiff filed a motion to remand to the Circuit Court of Arlington County on September 7, 1990.

Plaintiff argues that defendant's failure to allege the domicile of the parties when invoking diversity jurisdiction in the petition for removal rendered the petition fatally defective. Defendant merely alleged that plaintiff and defendant resided in different states. Residence is not synonymous with domicile for purposes of diversity jurisdiction. *See Kerstetter v. Ohio Casualty Ins. Co.*, 496 F.Supp. 1305, 1307 (E.D.Pa.1980).

However, it is well settled that amendment is liberally allowed to cure defective allegations of removal jurisdiction. *See Kinney v. Columbia Savings & Loan Ass'n*, 191 U.S. 78, 83, 24 S.Ct. 30, 32, 48 L.Ed. 103 (1903) (stating that amendment to show diversity of citizenship is proper where a removal petition contains "a technical defect and there are averments sufficient to show jurisdiction") *and Southern Pacific Co. v. Stewart*, 245 U.S. 359, 363, 38 S.Ct. 130, 131, 62 L.Ed. 345 (1917) (noting that "[a]mendments have been permitted so as to make the allegations of the removal petition more accurate and certain when the amendment is intended to set forth in proper form the ground of removal already imperfectly stated"). Although there is authority to support plaintiff's contention that failure to allege diverse citizenship in a petition for removal is grounds for remand, the court is in accord with Professor Wright in viewing the cases denying amendment in such circumstances as "unnecessarily grudging." C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3733 (1985).

Defendant's failure to allege domicile is a mere technical defect and should not pre-

**168**

clude removal to this court. In his petition for removal, defendant alleges that plaintiff is a resident of Virginia and that defendant resides in North Carolina. The allegation that plaintiff and defendant reside in different states provides a sufficient basis on which to sustain diversity jurisdiction. Defendant should be allowed to amend his petition for removal to allege diversity of citizenship.

■ Plaintiff contends that defendant waived his right of removal by answering in state court. Though answering in state court may constitute a waiver of the right of removal, *see, e.g., General Phoenix Corp. v. Malyon,* 88 F.Supp. 502, 503 (S.D. N.Y.1949), in this instance, defendant simultaneously answered and filed a petition for removal. Because defendant simultaneously answered and filed a petition for removal, answering in state court may not be construed as a waiver of the right of removal.

■ Plaintiff argues that removal was improper in that the defendant failed to file his petition for removal within the applicable 30 day or one year period required by 28 U.S.C. § 1446(b). Title 28 section 1446(b) provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading ... except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Plaintiff alleges that because the original suit was commenced November 23, 1988, and defendant did not file for removal until July 17, 1990, the petition for removal was untimely.

The suit filed November 23, 1988 was nonsuited on October 6, 1989 and is therefore irrelevant to the petition for removal filed in the instant case. The present action was commenced February 28, 1990. Defendant's petition for removal was filed July 17, 1990, well within the one year limitation period.

Title 28 U.S.C. § 1447(c) provides that motions to remand based on defects in removal procedure "must be made within 30 days after the filing of the Notice of Removal under Section 1446(a)." 28 U.S.C. § 1447(c). Defendant's petition for removal was filed on July 17, 1990. Plaintiff's motion for remand was not filed until September 7, 1990. The thirty day period within which plaintiff had to file his motion to remand expired on August 16, 1990. Thus, plaintiff's motion to remand was untimely.

For the foregoing reasons, it is the opinion of this court that defendant's motion to remand should be denied.

An appropriate order shall issue.