Brenda TINCHER, Plaintiff,

v.

THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Ohio Casualty Insurance Company, M.S. Carriers, Inc., and Patrick G. Geis, Defendants.

No. CIV.A. 2:03CV221.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 25, 2003.

Jeffrey A. Breit, Esquire, Breit Drescher & Imprevento PC, Norfolk, Plaintiff Counsel.

Barbara M.R. Marvin, Esquire, Jackson & Campbell PC, Washington, DC, Counsel for Defendant Insurance Company of State fo Pennsylvania.

Mary T. Morgan, Esquire, Kalbaugh Pfund & Messersmith PC, Norfolk, Counsel for Defendant Ohio Casualty Insurance.

Kevin Lawson Keller, Esquire, Willcox & Savage, PC, Norfolk, Counsel for Defendant M.S. Carriers, Inc.

Patrick G. Geis, Virginia Beach, Pro Se Defendant.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on plaintiff's motion to remand. On February 24, 2003, defendant The Insurance Company of the State of Pennsylvania ("ICSOP") was served with a summons and a copy of a complaint filed by plaintiff in the Circuit Court of the City of Norfolk. ICSOP filed a notice of removal on March 24, 2003, stating that the case was removable pursuant to 28 U.S.C. §§ 1441 and 1446, as the amount in controversy exceeded $75,000, and the suit was between citizens of different states. On April 4, 2003, plaintiff filed a motion to remand, pursuant to 28 U.S.C. § 1447(c), alleging that the District Court has no subject matter jurisdiction under 28 U.S.C. § 1441(b), because defendant Patrick G. Geis is a resident of Virginia. ICSOP responded to the motion to remand on April 14, 2003, and plaintiff replied on April 17, 2003. Defendant M.S. Carriers, Inc., filed a memorandum opposing the motion to remand and adopting defendant ICSOP's memorandum on April 18, 2003. No additional responses or replies having been received, and the time for such having passed, this matter is ripe for review.

Plaintiff argues that the District Court has no subject matter jurisdiction, as defendant Patrick G. Geis is a citizen of Virginia. Under 28 U.S.C. § 1441(b), an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The Notice of Removal sets out the citizen-ship of the parties as follows: plaintiff is a resident of Poplarville, Mississippi; defendant ICSOP is a Pennsylvania company with its principal place of business in New York, New York; defendant Ohio Casualty Insurance Company is an Ohio company with its principal place of business in Fairfield, Ohio; defendant M.S. Carriers, Inc. is a Tennessee company with its principal place of business in Memphis, Tennessee; and defendant Patrick G. Geis is a resident of Virginia.

In its response to plaintiff's motion to remand, defendant ICSOP argues that defendant Patrick G. Geis was fraudulently joined as he is a nominal party and not a true party in interest. However, the Notice of Removal alleges nothing about fraudulent joinder; it simply asserts diversity jurisdiction. Nor has ICSOP moved to amend its notice of removal to incorporate such allegations. Were such amendment requested, however, the court would have no choice but to deny leave to amend.

Courts in this district have generally adopted a strict construction of the general rule that "allegations of jurisdiction imperfectly stated in the original petition for removal may be amended even after expiration of the 30–day removal period, whereas 'missing allegations may not be supplied nor new allegations furnished.'" *Richmond, F. & P.R. Co. v. Intermodal Services, Inc.,* 508 F.Supp. 804, 805 (E.D.Va.1981) (citing *Thompson v. Gillen,* 491 F.Supp. 24, 27 (E.D.Va.1980); *but see Ginn v. Stegall,* 132 F.R.D. 166, 167 (advocating liberal allowance of leave to amend to cure defects in a notice of removal). However, even under a liberal interpretation of the general rule, this court would find that amendment could not be granted, because the allegation that defendant Patrick G. Geis was fraudulently joined is missing entirely from the Notice of Removal. ICSOP did not raise this issue

until its response to plaintiff's motion to remand, well beyond the thirty-day time limit set out in 28 U.S.C. § 1446(b). Such a failure cannot be seen as a mere technical defect. In *Castle v. Laurel Creek Co.*, the court addressed an identical situation, and it found that defendant's failure to allege fraudulent joinder in its Notice of Removal could not be cured by amendment. 848 F.Supp. 62, 66 (S.D.W.Va.1994) ("The proposed amendment is neither minor nor technical in nature; it is both substantial and material. Therefore, this Court is of the opinion that the motion for leave to amend the notice of removal should be denied.").

■ Plaintiff also requests that the court award costs and fees in this matter. In order to effect such an award, the court must find that defendant ICSOP acted in bad faith in removing the case from state court. *ITT Industrial Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir.1987). Because ICSOP may have had a basis for removal, had it alleged the fraudulent joinder in the Notice of Removal, the court cannot find that it acted in bad faith. The motion for costs and attorneys' fees is therefore denied.

For the reasons stated above, plaintiff's motion to remand is **GRANTED**, and this case is **ORDERED** remanded to the Circuit Court for the City of Norfolk. Plaintiff's motion for costs and attorneys' fees is **DENIED**. The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to all parties.

**IT IS SO ORDERED.**