**Chris CONTRERAS, Plaintiff,**

v.

**THOR NORFOLK HOTEL, L.L.C. Defendant.**

**No. CIV.A.2:03 CV 452.**

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 12, 2003.

Jesse Marden Suit, III, Kalfus & Nach-man, Norfolk, VA, for Plaintiff.

Mary Elizabeth Skora Davis, Spotts Fain Chappell & Anderson PC, Joseph Thomas O'Brien, Jr., Spotts Fain Chappell & Anderson PC, Henry N. Ware, Jr., Spotts Fain Chappell & Anderson PC, Richmond, VA, for Defendants.

## OPINION AND ORDER

DOUMAR, District Judge.

Presently before the Court is Plaintiff's Motion to Remand. For the reasons set forth herein, the Court **DENIES** Plaintiff's Motion to Remand and **DENIES** Defendant's Cross–Motion for Leave to Amend its Notice of Removal as moot.

### I. Factual and Procedural Background

Plaintiff Chris Contreras ("Contreras") filed suit against Defendant Thor Norfolk Hotel, LLC ("Thor") in the Circuit Court for the City of Norfolk on or about May 19, 2003, and served Thor on May 27, 2003. In his Motion for Judgment, Contreras, a citizen of Georgia, alleged that he was wrongfully exposed to asbestos dust and fibers while working with others to reno-vate the Doubletree Hotel located in Nor-folk, Virginia. According to the Motion for Judgment, Thor (the owner of the ho-tel) negligently and intentionally withheld information concerning the presence of as-bestos from Contreras and other construc-tion workers.

Thor filed a Notice of Removal on June 25, 2003, on the basis of diversity jurisdic-tion. Thor, which is a limited liability company, asserted in its Notice of Remov-al that it "is a citizen of neither Virginia nor Georgia because none of its members are citizens of those states." Notice of Removal ¶ 10. Because complete diversity existed and the amount in controversy ex-ceeded $75,000, Thor asserted that remov-

al was proper. Thor then filed a Motion to Dismiss on July 1, 2003.[1]

Contreras filed a Motion to Remand on July 18, 2003. Contreras asserted in his Motion to Remand that (1) Thor's Notice of Removal was defective because it did not set forth the names or citizenship of its members; and (2) Thor is not entitled to remove the action because, under the proper analysis, Thor is a citizen of Virginia.

On August 21, 2003, Thor filed its Opposition to the Motion to Remand and, in the alternative, a Cross–Motion for Leave to Amend its Notice of Removal. Contreras did not file a reply brief. Therefore, the matter is now ripe for judicial determination.

## II. Legal Standard

■ To ensure federal courts do not overstep their authority, federal precedent "scrupulously confine[s]" removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The United States Court of Appeals for the Fourth Circuit has held that "remand is necessary" where any doubt exists for removal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.,* 29 F.3d 148, 151 (4th Cir.1994). Therefore, removal is warranted only when absolutely necessary under federal law. The burden of establishing federal jurisdiction is placed upon the party seeking removal.

## III. Analysis

### A. Notice of Removal is Not Defective

Thor is a limited liability company, or LLC. Notice of Removal ¶ 4. As an initial matter, Contreras argues that Thor's Notice of Removal is defective because the Notice of Removal does not identify any of Thor's members, nor does it set forth the states in which those members reside. Mot. to Remand at 3. Because Thor's notice of removal is thus insufficient to establish jurisdiction, and the time to amend has passed, Contreras argues, the case must be remanded to state court. *Id.* at 4.

Thor responds that its assertion in the Notice of Removal that Thor "is a citizen of neither Virginia nor Georgia because none of its members are citizens of those states" serves as sufficient notice of removal. Thor maintains that it "set forth specific information concerning the citizenship of its members, thereby providing the Court with enough information to determine that it has subject matter jurisdiction over this case, and that the case was properly removed." Opposition at 6.

In each case Contreras cites to support his contention that the Notice of Removal was defective, the jurisdictional allegations were completely lacking. *See Clephas v. Fagelson, Shonberger, Payne, & Arthur,* 719 F.2d 92, 93–94 (4th Cir.1983) (where allegation in complaint stated that law firm was "doing business as a law firm in Virginia," the court held that "[n]othing that we have seen in the record informs us of the citizenship of each of and all the partners in the firm ... [t]herefore, there is lacking proof of diversity jurisdiction."); *Strother v. Harte,* 171 F.Supp.2d 203, 205 (S.D.N.Y. 2001) (where "it is unclear from the complaint whether there is any overlap among plaintiffs and defendants and any of their partners or members, ... complete diversity has not been alleged"); *Fenton v. Food Lion,* 2002 WL 1969662 at *2 (W.D.Va.2002) (where an LLC stated in its removal notice that it was a North Carolina corporation, the court held that "[b]e-

---

1. Contreras requested and was granted an extension of time to respond to Defendant's Motion to Dismiss. Contreras's response is due eleven days after this Court's decision on the Motion to Remand.

cause the notice of removal does not allege the citizenship of its members of the LLC, the notice may be defective for this reason alone.").

■ Such complete lack of jurisdictional allegation is not the case here. Thor alleged that it "is a citizen of neither Virginia nor Georgia because none of its members are citizens of those states." This Court's research located only one case in which a court held a citizenship allegation to be defective where a party alleged it was *not* a citizen of a certain state or states. In *Tolemac v. Jackson*, 2002 WL 239635 (N.D.Ill.2002), the plaintiff asserted in its complaint that its members were citizens of 11 named states and a Canadian province, and that "[n]o member ... is a citizen of the State of Illinois." *Id.* at *1. The district court concluded that "that sort of conclusory characterization that contains no identification of just whose citizenship is relevant—that is, no identification of each of the members themselves coupled with the necessary information as to the members' respective states of citizenship—does not suffice." *Id.*

■ However, this Court does not agree. An allegation of diversity is defective only where it "fails to negate the possibility that diversity does not exist." *Baer v. United Services Auto. Ass'n*, 503 F.2d 393, 397 (2d Cir.1974). *See also Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur., Co.*, 177 F.3d 210, 222 n. 13 (3d Cir.1999) ("In a diversity action, the plaintiff must state all parties' citizenship such that the existence of complete diversity can be confirmed."). The jurisdictional allegations in Thor's Notice of Removal, while sparse and inartfully pled, set forth enough information for the Court to determine that complete diversity exists; namely, that Thor's members are citizens of neither Virginia nor Georgia. As discussed below, an LLC has the citizenship of its members; therefore, Thor's Notice of Removal is sufficient to establish diversity jurisdiction, as the Notice alleged that its members are citizens of states other than Virginia and Georgia (the two states which would prevent diversity jurisdiction).

Because Thor is not required to amend its Notice of Removal to correct a defect, it is not necessary for the Court to reach the question of whether such an amendment would be allowed.[2]

### B. Citizenship of an LLC is Determined by Citizenship of its Members

Contreras argues that Thor is barred from removing the case because it is a citizen of Virginia. Mot. to Remand at 4. Contreras argues that Thor is a citizen of Virginia because the citizenship of an LLC is determined by the same rule applicable to corporations; that is, by the place of its organization and its principal place of business. *Id.*

While Contreras is correct that the issue has not been determined by the United States Court of Appeals for the Fourth Circuit, he fails to cite a single case in *any* federal court which holds that an LLC is to be treated the same as a corporation for purposes of diversity determination. In fact, all Circuit Courts which have consid-

---

**2.** However, in light of the United States Court of Appeals for the Fourth Circuit's unpublished opinion in *Nutter v. New Rents, Inc.*, 1991 U.S.App. LEXIS 22952, this Court would be inclined to allow the amendment. Even the case which Contreras cites to support his position concedes that when jurisdictional allegations are "imperfectly" pled, amendment of a notice for removal may be allowed; an amendment outside of the 30-day removal period should only be disallowed when there is a complete absence of jurisdictional allegations in the original notice. *Hill v. General Motors Corp.*, 654 F.Supp. 61, 62 (S.D.Fla.1987).

ered the issue have concluded that the citizenship of an LLC is to be determined by the citizenship of its members. *See Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.,* 299 F.3d 643, 652 (7th Cir.2002) ("the relevant citizenship for diversity purposes is that of its members, not the company"); *Handelsman v. Bedford Village Assocs. Ltd. Partnership,* 213 F.3d 48, 51–52 (2d Cir.2000) ("Members of associations are citizens for diversity purposes unless Congress provides otherwise"); *see also* 15 James Wm. Moore et al., Moore's Federal Practice § 102.57[8] (3d. ed. 2003) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members.").

■ This Court therefore joins its sister district courts and holds that a limited liability company's citizenship is to be determined by the citizenship of its members. *See Fenton v. Food Lion, Inc.,* 2002 WL 1969662 at *2 n. 6 (W.D.Va.2002); *Shonk Land Company LLC v. Ark Land Company,* 170 F.Supp.2d 660, 661 (S.D.W.Va.2001); *JBG/JER Shady Grove, LLC v. Eastman Kodak Co.,* 127 F.Supp.2d 700, 701 (D.Md.2001); *Triad Motorsports, LLC v. Pharbco Marketing Group, Inc.,* 104 F.Supp.2d 590, 594 (M.D.N.C.2000).

## IV. Conclusion

The Court therefore **DENIES** Plaintiff Contreras' Motion to Remand and **DENIES** Defendant's Cross–Motion for Leave to Amend its Notice of Removal as moot. The Clerk of the Court is DIRECTED to transmit a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**