**Mark MUHLENBECK, Plaintiff,**

v.

**KI, LLC, d/b/a Kiva, LLC, Defendant.**

**No. CIV.A.2:03 CV 816.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 11, 2004.

Gregory A. Giordano, Esquire, Shuttle-worth, Ruloff, Giordano & Swain, PC, Virginia Beach, VA, for Plaintiff.

Scott W. Kezman, Esquire, Bonnie A. Morgan–Greer, Esquire, Kaufman & Canoles PC, Norfolk, VA, for Defendant.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on the motion of plaintiff, Mark Muhlenbeck, to remand this action to the Circuit Court for the City of Chesapeake and on the motion of defendant, Ki, LLC, to file an amended removal petition. For the reasons set forth below, plaintiff's motion to remand is **DENIED**. Defendant's motion to file an amended removal petition is **GRANTED**.

### I. Procedural History

Plaintiff filed a motion for judgment in the above-captioned matter in the Circuit Court for the City of Chesapeake, Virginia, on October 10, 2003, seeking over $1 million in compensatory damages for breach of contract and fraudulent inducement. On November 10, 2003, defendant was served with a copy of the motion for judgment. Defendant filed a petition for removal in this court on November 20, 2003, on the basis of diversity of citizenship. In the removal petition, defendant alleges that complete diversity exists between the parties and that the amount in controversy exceeds $75,000. It further alleges that plaintiff is a domiciliary of the Commonwealth of Virginia, and "[d]efendant, Ki, LLC, is an Alaska native limited liability company with its principal place of business in Colorado Springs, Colorado." (Pet. for Removal ¶ 3.)

On December 12, 2003, plaintiff filed a motion to remand the suit to the state circuit court because defendant failed to properly allege its own citizenship. Specifically, plaintiff correctly claims that for diversity purposes, a limited liability company ("LLC") is a citizen of every state in which any one of the owners of the LLC is a citizen. *See Contreras v. Thor Norfolk Hotel, LLC,* 292 F.Supp.2d 794, 797–98 (E.D.Va.2003) (Doumar, J.).[1] On December 15, 2003, defendant responded with a

---

1. Though *Contreras* was the first published decision in the Eastern District of Virginia to hold explicitly that a limited liability company's citizenship for diversity purposes is the citizenship of each of its owners, the underlying principle is well-established. *See Carden v. Arkoma Assoc.,* 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (stating the "oft-repeated rule" that, with the exception of a corporation, an artificial entity's citizenship for diversity purposes is the citizenship of "all its members."); *see also Handelsman v. Bedford Vill. Assoc. Ltd. P'ship,* 213 F.3d 48, 52–53 (2d Cir.2000) (holding that an LLC is a citizen of every state which one of its

motion for leave to amend its removal petition and an amended petition for removal. In its amended petition for removal, defendant specifies that Ki, LLC is owned by two Alaska native corporations, Aleut and NANA Regional, and that both are Alaska corporations with their principal places of business in Alaska. On December 18, 2003, plaintiff filed a reply to defendant's response to the motion to remand and a memorandum in opposition to defendant's motion for leave to amend. On December 22, 2003, defendant filed a reply to plaintiff's opposition to the motion for leave to amend. On January 16, 2004, the court held a hearing on both motions. The motions are ripe for review.

## II. Standard of Review

Under 28 U.S.C. § 1446(b), a defendant sued in state court has thirty days from service of process in which to file a removal petition in the federal court. Therefore, during that thirty-day removal period, a defendant seeking removal generally has the right to amend its removal petition to include either missing or imperfectly stat-

ed grounds for removal. *Thompson v. Gillen*, 491 F.Supp. 24, 27 (E.D.Va.1980) (Warriner, J.).[2] After the thirty-day removal period, a defendant may amend its removal petition with leave of court, pursuant to 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

As a general rule, under 28 U.S.C. § 1653, "allegations of jurisdiction imperfectly stated in the original petition for removal may be amended even after the expiration of the thirty-day removal period, whereas missing allegations may not be supplied nor new allegations furnished." *Tincher v. Ins. Co.*, 268 F.Supp.2d 666, 667 (E.D.Va.2003) (Smith, J.). In *dicta*, recent cases have stated that courts in this district have generally adopted a "strict" approach to applying this general rule. *Id.; Iceland Seafood Corp. v. Nat. Consumer Cooperative Bank*, 285 F.Supp.2d 719, 726–27 (E.D.Va.2003) (Friedman, J.). However, these statements were based exclusively on the holdings of cases decided in the 1980s by a single district judge,[3] and

owners is a citizen). Moreover, numerous district courts in the Fourth Circuit have reached the same conclusion over the years. *See Contreras*, 292 F.Supp.2d at 798 (citing cases).

2. In this case, defendant was served on November 10, 2003. The motion for leave to amend the removal petition and the amended petition for removal were filed on December 15, 2003, five days after the expiration of the thirty-day period and three days after plaintiff filed the motion to remand.

3. Both *Tincher* and *Iceland Seafood* cite two cases decided by Judge Warriner, *Thompson v. Gillen*, 491 F.Supp. 24, 27 (E.D.Va.1980), and *Richmond F. & P.R. Co. v. Intermodal Svcs., Inc.*, 508 F.Supp. 804, 805 (E.D.Va. 1981), for the proposition that a "strict" approach is applied. In *Thompson*, the court *sua sponte* decided to remand the case based upon the original removal petition, which (1) did not identify the statutory basis for removal, and (2) alleged the residency, rather than

the citizenship or domicile of the parties. In *Richmond*, the court again *sua sponte* raised the issue of remand, and, citing *Thompson*, held that defendant would not be granted leave to amend its removal petition to include its principal place of business. 508 F.Supp. at 808. Judge Warriner also decided at least two other cases stating that the removal jurisdiction statute is to be "strictly construed." *See Aguiar v. Evans*, 607 F.Supp. 1418 (E.D.Va.1985) (remanding because all defendants failed to join in original removal petition); and *Cook v. Robinson*, 612 F.Supp. 187 (E.D.Va.1985) (remanding for failure to allege timeliness of removal in original removal petition). Judge Warriner did not conceal his belief that diversity jurisdiction should not exist at all in the federal system. "This court will not conceal its dissatisfaction with the notion that federal jurisdiction over disputes between citizens of different states is necessary." *Thompson*, 491 F.Supp. at 26 n. 1.

are not reflective of the trend in more recent decisions by courts in this district.[4] The Fourth Circuit has not published any opinion ruling on the issue, but in an unpublished opinion held that a corporation that failed to state its principal place of business in the removal petition should be permitted to amend. *Nutter v. New Rents, Inc.*, 1991 WL 193490 at *2 (4th Cir.1991) (unpublished opinion).[5]

Recent decisions in this district have regularly granted leave to amend where the imperfection in the jurisdictional allegation is a "mere technical defect." *E.g., Ginn v. Stegall*, 132 F.R.D. 166, 167 (E.D.Va.1990) (Hilton, J.). Courts in the Eastern District have permitted a defendant to amend where the defendant alleged the residence rather than the domicile of the parties, *see Ginn*, 132 F.R.D. at 167,[6] and where the defendant incorrectly stated its principal place of business. *FHC Options, Inc. v. Sec. Life Ins.*, 993 F.Supp. 378, 382 (E.D.Va.1998) (Miller, M.J.); *see also Contreras*, 292 F.Supp.2d at 797 (holding an LLC's removal petition not defective where it alleged only that none of its members were citizens of either of the two states that would defeat diversity jurisdiction).[7] On the other hand, leave to amend has not been granted where the court finds that a jurisdictional allegation is "missing entirely" from the removal petition, or that the change proposed by the motion to amend the petition for removal would be "material and substantial." In *Iceland Seafood*, for example, the court did not grant defendant leave to amend in order to change the jurisdictional basis for removal from diversity of citizenship under 28 U.S.C. § 1332 to 12 U.S.C. § 3012(6), which defendant argued provided an independent statutory basis for federal jurisdiction.[8] Similarly, in *Tincher*, this court did not grant the defendant leave to amend in order to include an allegation of fraudulent joinder which was previously unmentioned, on the ground that the fraudulent joinder allegation was "missing entirely" from the removal petition.[9]

### III. Analysis

The courts of this district have differed somewhat in their approaches to applying 28 U.S.C. § 1653 in the context of motions for leave to amend removal petitions.

---

**4.** The recent cases in this district are addressed *infra* at 800.

**5.** Thus, the Fourth Circuit's opinion in *Nutter* conflicts with Judge Warriner's decision in *Richmond. See supra* note 3.

**6.** Thus, the court's 1990 decision in *Ginn* is in conflict with Judge Warriner's 1980 decision in *Thompson. See supra* note 3.

**7.** In dicta, the court in *Contreras* also indicated that, were the removal petition defective, the court would have been inclined to grant leave to amend. *Contreras*, 292 F.Supp.2d at 797 n. 2.

**8.** Title 12 U.S.C. § 3012(6) provides that the National Consumer Cooperative Bank ("NCCB") has the ability to "sue and be sued" in its corporate name "in any court of competent jurisdiction, State or Federal," thereby conferring federal subject matter jurisdiction over all claims against the NCCB. *See generally Am. Nat. Red Cross v. S.G.*, 505 U.S. 247, 248, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992) (discussing "sue and be sued" provisions, and holding that the "sue and be sued" provision of 36 U.S.C. § 2 confers federal jurisdiction over all suits to which the American National Red Cross is a party).

**9.** On facts similar to those in *Tincher*, a district court in West Virginia also denied a motion seeking leave to amend the removal petition, but did so on the basis that such an amendment would be material and substantial. *Castle v. Laurel Creek Co.*, 848 F.Supp. 62, 66 (S.D.W.Va.1994) ("The proposed amendment is neither minor nor technical in nature; it is both substantial and material. Therefore, this court is of the opinion that the motion for leave to amend the notice of removal should be denied.").

Judge Warriner's version of the "strict" approach to applying § 1653 has not been followed in the recent decisions, but clearly leave to amend has not been granted in every case where diversity jurisdiction did, in fact, exist.[10]  Moreover, it has become obvious that determining in the abstract whether § 1653 is to be applied in a "strict" or "liberal" manner is of little actual assistance to parties and courts.  Instead, the analysis must proceed in two steps.  First, the court must determine whether the defendant "imperfectly stated" or "omitted completely" a ground for removal.  If a ground for removal was omitted completely, then the court has no discretion to permit amendment under § 1653, and must remand the case to the state court.  Section 1653 itself dictates this result, because it permits amendments of "defective allegations" of jurisdiction, not the addition of additional allegations.

On the other hand, if the defendant has imperfectly stated a ground for removal, the court proceeds to the second step of the analysis.  Where a ground for removal is imperfectly stated, whether to permit amendment is within the court's discretion, according to the facts and circumstances of each case.  Relevant to this discretionary decision is whether the amendment sought is merely a "technical" amendment or whether it is "material and substantial."  An amendment is "material and substantial," for example, where it is likely to lead to a significant factual dispute between the parties.  In cases where permitting amendment will result in a factual dispute requiring additional litigation, it may be sensible not to permit the defendant to amend the removal petition, because one of

the purposes of the thirty-day removal period of 28 U.S.C. § 1446(b) is to ensure that litigation is not unduly delayed by uncertainty as to subject matter jurisdiction.  *See Iceland,* 285 F.Supp.2d at 727.

■  In the case at bar, defendant imperfectly stated its grounds for removal in the original petition.  Defendant's original removal petition states that jurisdiction is proper in this court based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.  It states that the amount in controversy exceeds $75,000, "and the action is between citizens of different states."  It then states that plaintiff is a domiciliary of Virginia and that the named defendant, Ki, LLC, is a limited liability company organized under the laws of Alaska, with its principal place of business in Colorado.  Thus, defendant imperfectly alleged that removal was proper on the basis of this court's diversity jurisdiction.  This case is unlike *Tincher,* where the original removal petition wholly failed to allege fraudulent joinder and the parties were not diverse on the face of the complaint.  In that case, fraudulent joinder essentially *was* defendant's ground for removal, because the case was clearly not removable on diversity grounds unless the named non-diverse parties were fraudulently joined.  Thus, the circumstances in *Tincher* were similar to those in *Iceland Seafood,* where the defendant attempted to add a new statutory ground for removal after the thirty-day period had lapsed.  Unlike in *Tincher* and in *Iceland Seafood,* defendant here alleged all of the grounds necessary for removal in its original removal petition, but it imperfectly alleged its own citizenship.

10.  The court agrees with Judge Warriner's argument that the availability of diversity jurisdiction does not generally result in greater fairness to out-of-state defendants.  *See, e.g., Thompson,* 491 F.Supp. at 26 n. 1 ("State judges, no less than federal judges are obligated to provide a neutral forum.").  However,

given that 28 U.S.C. § 1332 explicitly grants diverse parties the right to litigate in a federal forum, and 28 U.S.C. § 1441 explicitly permits defendants to remove on this basis, a court's opinion on this issue cannot factor into the analysis of whether a particular lawsuit will remain in federal court.

Thus, it is within the court's discretion whether to permit defendant to amend its removal petition. In making this determination, the court is guided by the Fourth Circuit's statement in *Nutter* that "jurisdiction ought to depend more upon the truth of defendant's allegation of diversity than upon the ... choice of verbiage." 1991 WL 193490 at *2. Defendant's petition for removal is deficient because the citizenship of a limited liability company depends not on the state in which it is organized or the state in which it does most of its business, but rather on the citizenship of the entities that own the LLC. However, correction of this defect requires only a technical amendment, because the undisputed citizenship of the two entities which comprise Ki, LLC, Aleut and NANA Regional, is Alaska. Therefore, the circumstances presented in this case are similar to those confronted by the courts in *Nutter, Ginn,* and *FHC Options,* where there were no factual issues surrounding the actual citizenship of the parties and where leave to amend was granted after the thirty-day period for removal had expired, even though defendant had imperfectly stated a ground for removal in its original removal petition. The court exercises its discretion to grant defendant leave to amend the removal petition.

### IV. Conclusion

For the reasons set forth, the court **DENIES** plaintiff's motion to remand and **GRANTS** defendant's motion to file an amended removal petition. The Clerk is **DIRECTED** to file defendant's amended removal petition and to send a copy of this Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**