SUNTRUST BANK, a Georgia corporation, Plaintiff,

v.

The VILLAGE AT FAIR OAKS OWN-ER, LLC, a Virginia limited liability company, Philip Pilevsky, individually, Louis P. Mirando, individually, and Raymond L. Zimmerman, individually, Defendants.

Civil Action No. 2:10cv333.

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 14, 2011.

Hunter W. Sims, Jr., Esq., Paul K. Campsen, Esq., Rose E. Coley, Esq., for Plaintiff.

Mary T. Morgan, Esq., for Defendants.

## OPINION AND ORDER

MARK S. DAVIS, District Judge.

This matter is currently before the Court on a motion filed by defendants The

Village at Fair Oaks Owner, LLC, a Virginia limited liability company ("the LLC"), Louis P. Mirando, and Raymond L. Zimmerman pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the complaint filed in this case by plaintiff SunTrust Bank for lack of subject-matter jurisdiction, as well as a motion filed by plaintiff for expedited jurisdictional discovery. After examination of the briefs and the record, the Court has determined that a hearing on the instant motions is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. For the reasons stated herein, the court **DENIES** both motions and **ORDERS** that, pursuant to 28 U.S.C. § 1653, plaintiff is granted leave to amend the defective allegations of jurisdiction contained in the complaint within seven (7) days of the date of this Opinion and Order. If plaintiff is unable to amend the complaint in such a way as to establish complete diversity of citizenship within that period of time, the Court will **DISMISS** this matter, without prejudice, for lack of subject-matter jurisdiction.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff filed the complaint in this case on July 9, 2010, naming the LLC, Philip Pilevsky, Mirando, and Zimmerman as defendants. Compl. ¶¶ 1–5. The complaint alleges that the LLC breached the terms of two commercial promissory notes, of which the three individual defendants were allegedly absolute and unconditional guarantors.

With respect to subject-matter jurisdiction, the complaint alleges that "[t]his Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds the sum of $75,000." Compl. ¶ 6. In support of this allegation, plaintiff alleges that it is "a banking corporation organized and operated under the laws of the State of Georgia," and that plaintiff's "corporate headquarters and its principal place of business are located in Atlanta, Georgia." Compl. ¶ 1. With respect to the defendants, the complaint alleges that the LLC "is now, and at all times relevant has been, a Virginia limited liability company with its principal office and headquarters located at 5423 Henneman Drive, Suite B, Norfolk, VA 23513," and further alleges that Pilevsky and Mirando are "resident[s] of the State of New York" and Zimmerman is "a resident of the Commonwealth of Virginia." Compl. ¶¶ 2–5.

The LLC and Zimmerman have moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that plaintiff's complaint does not allege sufficient facts regarding the citizenship of the LLC to establish the complete diversity of citizenship required for this Court to exercise subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Specifically, the motion argues that the citizenship of the LLC is not determined by its state of incorporation or principal place of business, as is the case with corporations, but is instead determined by the citizenship of the LLC's member or members, and that, in the absence of any such allegations in the complaint, the Court must dismiss this matter for lack of subject-matter jurisdiction. Mirando has requested, and been granted by the Court, leave to join in the motion to dismiss.

Pilevsky has not joined in the motion to dismiss, but instead has requested (with the consent of plaintiff), and been granted by the Court, several continuances of his deadline to file an answer. The most recent such order gives Pilevsky until March 9, 2011 to file his answer. Docket No. 39. Pilevsky's motions indicate that he is en-

gaging in ongoing settlement negotiations with plaintiff.

Plaintiff opposes the other defendants' motion to dismiss, emphasizing that nowhere in their motion or memorandum in support is there any affirmative claim that the citizenship of any member or members of the LLC would, in fact, destroy complete diversity of citizenship for jurisdictional purposes. Plaintiff explains that it previously requested from the LLC disclosure of the identity and citizenship of the LLC's membership, which plaintiff claims are not matters of public record, but was rebuffed. In this connection, plaintiff has also moved for expedited discovery relating to this jurisdictional issue, and specifically regarding the identity and citizenship of the LLC's membership.

The LLC, Zimmerman, and Mirando argue in reply that expedited jurisdictional discovery is not available to plaintiff in connection with the instant motion to dismiss because the motion challenges the adequacy, and not the veracity, of the complaint. These defendants further argue that even if expedited jurisdictional discovery were available, it would be inappropriate, because plaintiff's allegation of diversity jurisdiction in the complaint, admittedly made without any concrete knowledge as to the actual citizenship of the LLC, was a violation of Rule 11 of the Federal Rules of Civil Procedure, which requires counsel to make reasonable investigation of facts contained in a pleading submitted to the Court.

## II.  STANDARD OF REVIEW

### A.  Subject–Matter Jurisdiction

In its consideration of the instant motion to dismiss, the Court notes as an initial matter that Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R.Civ.P. 12(h)(3). The burden of alleging facts sufficient to establish such subject-matter jurisdiction lies, of course, squarely with the plaintiff. *See, e.g., Pinkley, Inc. v. City of Frederick, Md.,* 191 F.3d 394, 399 (4th Cir.1999).

### B.  The Citizenship of Limited Liability Companies

It is well established that, for purposes of federal jurisdictional diversity of citizenship, an LLC is not a corporation, and thus is not considered a citizen of its state of incorporation and principal place of business, but instead shares the citizenship of its members. *See, e.g., Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079–80 (5th Cir.2008) (noting that although there is no U.S. Supreme Court decision directly on point, "[a]ll federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members.") (collecting decisions of the United States Courts of Appeals for the First, Second, Fourth, Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits); *Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 120 (4th Cir.2004) (holding that a Virginia LLC shared the citizenship of its members); *Nahigian v. Juno–Loudoun LLC,* 661 F.Supp.2d 563, 567 (E.D.Va. 2009). However, in a recent decision, the Fourth Circuit held that, in the class action context, an LLC is properly considered "an unincorporated association" within the meaning of 28 U.S.C. § 1332(d)(10), and thus is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see Ferrell v. Express Check Advance of SC LLC,* 591 F.3d 698 (4th Cir.2010). Although that definition, which was added to 28 U.S.C. § 1332 by the Class Action Fair-

ness Act of 2005 ("CAFA"), Pub. L. No. 109–2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.), obviously diverges from the well-established rule regarding the citizenship of LLCs discussed above, the Fourth Circuit emphasized in *Ferrell* that this definition applies only in cases that were brought pursuant to CAFA's special jurisdictional provisions. Since subject-matter jurisdiction in this case is predicated not on the so-called "minimal diversity" jurisdiction created by CAFA and conferred upon federal district courts by 28 U.S.C. § 1332(d)(2) in class action cases, but instead on traditional diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), CAFA's definition of the citizenship of unincorporated associations such as LLCs in 28 U.S.C. § 1332(d)(10) is simply not implicated in this Court's analysis of its subject-matter jurisdiction in the instant case.

### C. Motions to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1)

■ A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction may attack a complaint on its face, insofar as the complaint fails to allege facts upon which the court can base jurisdiction, or it may attack the truth of any underlying jurisdictional allegations contained in the complaint. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). In the former situation, where the defendant attacks the sufficiency of the complaint, the court is required to accept all of the complaint's factual allegations as true. *Id.* However, in the latter situation, where the defendant attacks the veracity of allegations in the complaint, or "[w]hen a defendant raises standing as the basis for a motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction ... the district court 'may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459

(4th Cir.2005) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991)); *accord Adams*, 697 F.2d at 1219 (explaining that in the latter situation, "the trial court necessarily assumes a different role," and "may consider evidence by affidavit, depositions or live testimony" and "weigh[ ] the evidence to determine its jurisdiction").

### III. ANALYSIS

#### A. The Court's Scope of Review and Expedited Discovery

■ In considering the instant motion to dismiss, the Court must first ascertain the appropriate scope of its own review by determining whether the motion challenges the sufficiency or the veracity of the complaint. A review of the parties' briefs demonstrates that the instant motion is necessarily regarded as one attacking the sufficiency of the complaint. The motion to dismiss does not challenge the accuracy of the complaint's allegations regarding the LLC's state of incorporation and principal place of business. Instead, it simply argues that those facts are irrelevant to the jurisdictional diversity of citizenship analysis, and that since the complaint does not contain the necessary factual allegations that *would* be relevant—namely, the identity and citizenship of the LLC's membership—it fails to establish diversity of citizenship, and must be dismissed on that basis. Consequently, the Court agrees with defendants that plaintiff's motion for expedited jurisdictional discovery is inappropriate at this juncture, and will deny that motion.

#### B. The Plaintiff's Burden and the Role of the Court

The nature of the instant motion to dismiss also precludes the Court from disposing of it in what would obviously be the

most expedient manner for all involved; namely, holding a brief evidentiary hearing to elicit from the LLC whether or not it, in fact, has any member that is a citizen of Georgia, such that this Court would be deprived of subject-matter jurisdiction. The practical effect of this reality is that plaintiff will be burdened with the possibly needless exercise of re-filing this matter in a state court of competent jurisdiction, proceeding to discovery, and serving discovery requests seeking disclosure of the membership of the LLC and the state citizenship(s) of each member. If, in fact, the LLC has no members that are citizens of Georgia, plaintiff could then voluntarily dismiss the state-court case and, on the basis of the facts discovered in that case, file a new complaint in this Court properly alleging subject-matter jurisdiction, bringing the matter back to precisely the point where it stands today.

While the Court recognizes the potential waste of both federal and state judicial resources resulting from such a course of conduct, it also acknowledges that subject-matter jurisdiction is an indispensible threshold requirement for proceeding in federal court. As noted above, the burden of alleging facts sufficient to establish federal subject-matter jurisdiction lies with the plaintiff, and the LLC appears to be under no present legal obligation to disclose to plaintiff its membership or citizenship. In the absence of such facts, plaintiff is not left entirely without recourse; instead, principles of federalism simply dictate that such recourse must be had in a state court of competent jurisdiction, at least until such time as plaintiff gains knowledge of the requisite facts to plead diversity of citizenship adequately.

## C. "Defective" Jurisdictional Allegations and 28 U.S.C. § 1653

The foregoing discussion, however, does not necessarily mandate the automatic granting of defendants' motion to dismiss. Instead, the Court may look to 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The Supreme Court has explained that 28 U.S.C. § 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 830–31, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989).

The issue of imperfect [1] jurisdictional allegations appears to arise most often in cases removed from state court. Of course, the pleading standard for jurisdictional allegations is the same for removal petitions as it is for complaints in cases originally filed in federal court. *See, e.g., Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 199–200 (4th Cir.2008). Therefore, a review of removal cases is helpful to the Court's analysis of the instant motion.

Certain removal decisions in this District reflect a "strict" application of 28 U.S.C. § 1653, allowing amendment after 28 U.S.C. § 1446(b)'s thirty-day statutory period for removal has elapsed "only for the purpose of setting forth more specifically grounds for removal which had been imperfectly stated in the original petition; missing allegations may not be supplied nor new allegations furnished." *Thompson v. Gillen,* 491 F.Supp. 24, 27 (E.D.Va.

---

**1.** The Court uses "imperfect," rather than the statutory term "defective," so as not to confuse "defective allegations of jurisdiction," as used in 28 U.S.C. § 1653, with the Supreme Court's reference to "defects in the jurisdic-

tional facts themselves" in *Newman–Green,* 490 U.S. at 831, 109 S.Ct. 2218. The latter refers to situations where subject-matter jurisdiction does not, in fact, exist.

1980); *accord Richmond, Fredericksburg & Potomac R.R., Co. v. Intermodal Servs., Inc.,* 508 F.Supp. 804, 805–07 (E.D.Va. 1981); *see also Iceland Seafood Corp. v. Nat'l Consumer Coop. Bank,* 285 F.Supp.2d 719, 726–27 (E.D.Va.2003); *Tincher v. Ins. Co.,* 268 F.Supp.2d 666, 667–68 (E.D.Va.2003). However, other removal decisions within this District have followed a more "liberal" approach in granting leave to amend—or supplement—such imperfect allegations even after the thirty-day period. *See, e.g., FHC Options, Inc. v. Sec. Life Ins. Co.,* 993 F.Supp. 378, 381–82 (E.D.Va.1998) (Miller, Mag. J.) ("In the liberal view, Courts should liberally grant leave to amend jurisdictional allegations in Notices of Removal, with the test being the prejudice suffered by the plaintiff who originally chose the state forum."); *accord Ginn v. Stegall,* 132 F.R.D. 166, 167–68 (E.D.Va.1990); *see also Nutter v. New Rents, Inc.,* 945 F.2d 398, 1991 WL 193490, at *2 (4th Cir. Oct. 1, 1991) (unpublished table disposition); *Muhlenbeck v. KI, LLC,* 304 F.Supp.2d 797, 799–802 (E.D.Va.2004); *cf. Saxon Fibers, LLC v. Wood,* 118 Fed.Appx. 750, 752 n. 1 (4th Cir.2005) (unpublished per curiam opinion) (noting that amendment pursuant to 28 U.S.C. § 1653 is only permissible to correct incorrect statements where jurisdiction already actually exists); *Contreras v. Thor Norfolk Hotel, L.L.C.,* 292 F.Supp.2d 794, 797 (E.D.Va.2003) (declining to find negative jurisdictional allegations to require amendment).

This matter, of course, was not removed from state court, but was instead originally filed in this Court, and thus the dichotomy between the "strict" and "liberal" applications of 28 U.S.C. § 1653 to amendments proposed after the expiration of the statutory removal period is inapposite. However, the foregoing removal cases nevertheless provide helpful analysis regarding the question of whether plaintiff's jurisdictional allegations regarding the LLC in this case may be considered "defective allegations" of jurisdiction susceptible to technical amendment pursuant to 28 U.S.C. § 1653 or must instead be regarded as having omitted the requisite allegations entirely, precluding such amendment.

■ A review of such case law suggests that plaintiff's allegations, namely, that the LLC is a Virginia limited liability company with its principal office and headquarters located in Norfolk, Virginia, constitute imperfect allegations that may be amended pursuant to 28 U.S.C. § 1653. The *Muhlenbeck* case is particularly relevant in this connection. There, a defendant LLC alleged in its initial removal petition only its own state of organization and principal place of business. *Muhlenbeck,* 304 F.Supp.2d at 798. The plaintiff filed a motion to remand on the basis of the defendant's failure to allege its owners and their citizenship, and the defendant responded with a motion for leave to amend its petition to allege the missing information. *Id.* at 798–99. After reviewing the divergent jurisprudence within this District discussed above, the court in *Muhlenbeck* concluded that the erroneous allegations in the defendant's initial removal petition constituted imperfect allegations susceptible to amendment under 28 U.S.C. § 1653, denied the plaintiff's motion to remand, and granted the defendant's motion for leave to amend. *Id.* at 799–801. In reaching its decision to grant the motion for leave to amend, the *Muhlenbeck* court noted the Fourth Circuit's observation in its unpublished decision in *Nutter* that "jurisdiction ought to depend more upon the truth of defendant's allegation of diversity than upon the ... choice of verbiage." *Id.* at 802 (quoting *Nutter,* 1991 WL 193490, at *2 (alteration in original)).

The Fourth Circuit's decision in *Jaffe–Spindler Co. v. Genesco, Inc.* is also in-

structure. In that case, the plaintiff, a New York limited partnership, affirmatively alleged in its complaint the citizenship of its general partner (Florida), but alleged with respect to its limited partners only that none was a citizen of Tennessee. *Jaffe–Spindler Co. v. Genesco, Inc.,* 747 F.2d 253, 255 n. 1 (4th Cir.1984). Although one corporate defendant was a Tennessee citizen, another corporate defendant was a Maryland citizen, and the plaintiff's complaint contained no analogous allegation that none of its limited partners was a citizen of Maryland. *Id.* The Fourth Circuit indicated that "[t]he omission may well constitute a failure by [the plaintiff] to satisfy its burden to establish jurisdiction," but since the court had never yet "had occasion to address the issue of whether a limited partner's citizenship is relevant when the general partner is diverse," it declined to make a definitive determination on that point.[2] *Id.* The court proceeded to explain, however:

> At oral argument, we asked counsel for [the plaintiff] whether any of [the plaintiff]'s limited partners was a citizen of Maryland. Counsel stated that none were. All counsel for the opposing parties agreed. Accordingly, we have before us merely a defective allegation of jurisdiction which can be, and hereby is, amended by interlineation in the Complaint of an allegation that no ... limited partner [of plaintiff] was a Maryland citizen.

*Id.* (citing 28 U.S.C. § 1653).

In this case, as in *Muhlenbeck,* plaintiff did not omit jurisdictional allegations regarding the LLC entirely; it merely alleged the wrong information about the LLC. *See* 304 F.Supp.2d at 798; *see also Thompson,* 491 F.Supp. at 27 (contrasting "imperfectly stated" allegations with "missing allegations"). Consequently, on the basis of the case law discussed above, as well as the plain text of 28 U.S.C. § 1653, the Court concludes that ¶ 2 of plaintiff's complaint is imperfectly drafted, and therefore constitutes a "defective allegation" that may properly be amended.

## D. The Nature and Form of Possible Amendments

Having determined that plaintiff may properly be afforded the opportunity to amend its complaint pursuant to 28 U.S.C. § 1653, the Court next turns to the question of whether such opportunity would be futile, given the apparent unavailability of concrete information regarding the membership and citizenship of the LLC to plaintiff at this juncture. Plaintiff might perhaps have attempted to avoid this problem at the outset by including in the complaint a negative allegation, made "upon information and belief," that none of the LLC's members is a citizen of Georgia. *See, e.g., Contreras,* 292 F.Supp.2d at 797 (concluding that an allegation that an LLC was *not* a citizen of one or more particular states, though "sparse and inartfully pled," nevertheless "set forth enough information for the Court to determine that complete diversity exists" in the removal context); *but see, e.g., Tolemac, LLC v. Jackson,* No. 02 C 594, 2002 WL 239635, at *1 (N.D.Ill. Feb. 19, 2002) (reaching the opposite conclusion). Had plaintiff included such an allegation in the complaint, any motion filed by the LLC challenging diversity of citizenship pursuant to Rule 12(b)(1) would necessarily have been construed as attacking the *truth* of that allegation, thus allow-

---

**2.** The Fourth Circuit's decision in *Jaffe–Spindler,* of course, antedated the Supreme Court's decision in *Carden v. Arkoma Associates,* 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), which held that the citizenship(s) of both general *and* limited partners had to be considered in determining diversity of citizenship for jurisdictional purposes.

ing the Court to consider evidence beyond the pleadings; namely, whether or not the LLC actually has any members that are citizens of Georgia, which would eliminate complete diversity of citizenship and, with it, this Court's subject-matter jurisdiction over this matter.

It is, however, not entirely clear whether such an allegation would suffice for jurisdictional purposes, for at least two distinct reasons. First, there is the question of whether, within the bounds of the Federal Rules of Civil Procedure (Rule 11, in particular), jurisdictional allegations may properly be made upon information and belief, as opposed to actual personal knowledge. Second, there is the separate question of whether, in the absence of such actual personal knowledge, negatively phrased allegations of citizenship may suffice. The Court shall address each question in turn.

### 1. Jurisdictional Allegations "upon Information and Belief"

The Fourth Circuit appears to have recognized *sua sponte* in a recent decision that a removal petition containing an allegation regarding citizenship made upon information and belief was "sufficient as a matter of law to allege subject matter jurisdiction." *Ellenburg*, 519 F.3d at 194–95, 199.[3] Other courts have reached the opposite conclusion. *See, e.g., Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir.1992) (per curiam) (only affidavits made on personal knowledge, and not claims made " 'to the best of my knowledge and belief,' " are sufficient to establish citizenship for jurisdictional purposes); *See Virtual Worlds, LLC v. Seaboard Int'l Energy Corp.*, No.

CV 10–4432 PA (JCGx), 2010 WL 2553468, at *2 (C.D.Cal. June 18, 2010) ("Because [the] [r]emoving [d]efendant has alleged [the] [p]laintiff's citizenship on 'information and belief,' the Notice of Removal's allegations are insufficient to establish [the] [p]laintiff's citizenship."); *Sylver v. Titan Digital Media Ventures, LLC,* No. CV 09–3013–JDF (MANx), 2009 WL 1616118, at *1–2 (C.D.Cal. June 8, 2009) ("A complaint alleging diversity of citizenship upon 'information and belief' is insufficient to confer jurisdiction."); *Yount v. Shashek,* 472 F.Supp.2d 1055, 1057 n. 1 (S.D.Ill.2006) ("Allegations of federal subject matter jurisdiction may not be made on the basis of information and · belief, only personal knowledge."); *Multi–M Int'l, Inc. v. Paige Med. Supply Co.,* 142 F.R.D. 150, 152 (N.D.Ill.1992) (citing *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir.1992) as authority to ignore a complaint's allegations regarding the citizenship of the defendants because the allegations were made upon information and belief and thus insufficient under Rule 11 of the Federal Rules of Civil Procedure); *Bradford v. Mitchell Bros. Truck Lines,* 217 F.Supp. 525, 527 (N.D.Cal.1963) ("A [removal] petition alleging diversity of citizenship upon information and belief is insufficient."); *see also Vail v. Doe,* 39 F.Supp.2d 477, 477 (D.N.J.1999).

### 2. Negative Jurisdictional Allegations

In the same vein, several courts have also held that negative allegations of citizenship are insufficient to establish diversity of citizenship for jurisdictional purposes. *See, e.g., Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (holding · a negative allegation of

---

**3.** This Court acknowledges that the primary focus of the Fourth Circuit's substantive analysis in *Ellenburg* was not the removal petition's allegations regarding the parties' citizenship, but instead the sufficiency of the petition's allegation regarding the value of the matter in controversy. Nevertheless, the holding quoted above necessarily implies tacit approval of the sufficiency of the allegations regarding citizenship, at least one of which was made on information and belief. *See Ellenburg,* 519 F.3d at 194–95.

citizenship to be insufficient because, "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *see also Cameron v. Hodges,* 127 U.S. 322, 324–25, 8 S.Ct. 1154, 32 L.Ed. 132 (1888); *Hessert Constr. N.J., L.L.C. v. Garrison Architects, P.C.,* Civ. No. 06–5696(JBS), 2007 WL 2066355, at *1, *3–4 (D.N.J. July 13, 2007); *Barnhill v. Ins. Co. of N. Am.,* 130 F.R.D. 46, 51–52 (D.S.C.1990); 13E Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3611 (3d ed. 2009) ("a negative statement that a party is not a citizen of a particular state [is not] usually sufficient, since this type of averment does not eliminate the possibility that the person might be a citizen of no state of the United States or other political entity."). However, as noted above, the Fourth Circuit in *Jaffe-Spindler* did not appear to take issue with the use of such a negative allegation in the plaintiff's complaint. *See* 747 F.2d at 255 n. 1 (characterizing the complaint's "uncontradicted allegation that none of its limited partners was a citizen of Tennessee" as "clear[ing] up one point bearing on whether there was diversity jurisdiction" and finding potential fault not with that allegation, but instead with plaintiff's *omission* of an analogous allegation vis-à-vis Maryland); *accord Contreras,* 292 F.Supp.2d at 797 (concluding that a negative allegation was "sparse and inartfully pled," but nevertheless "set forth enough information for the Court to determine that complete diversity exists" in the removal context). This Court, of course, leaves to plaintiff the task of deciding whether it believes there is any alternative formulation of its jurisdictional allegations regarding the LLC—whether "upon information and belief," negative, or otherwise—that would both satisfy the requirements of Rule 11 of the Federal Rules of Civil Procedure and conform with the contours of the jurisprudence discussed above.

## E. Other Defective Jurisdictional Allegations in the Complaint

■ Finally, in addition to the imperfect, and thus "defective," jurisdictional allegations regarding the LLC discussed above, which were addressed by the parties in detail in their briefs, the Court also notes that plaintiff's allegations regarding the individual defendants are equally "defective" for purposes of establishing diversity of citizenship. Plaintiff alleges the *residency* of the individual defendants, but fails to allege their *citizenship;* the latter may not be inferred from the former. *See Realty Holding Co. v. Donaldson,* 268 U.S. 398, 399, 45 S.Ct. 521, 69 L.Ed. 1014 (1925); *Anderson v. Watts,* 138 U.S. 694, 702, 11 S.Ct. 449, 34 L.Ed. 1078 (1891); *Robertson v. Cease,* 97 U.S. 646, 648–49, 24 L.Ed. 1057 (1878); *Brown v. Keene,* 33 U.S. (8 Pet.) 112, 115, 8 L.Ed. 885 (1834) (Marshall, C.J.) ("The decisions of this court require, that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact on which jurisdiction depends. It is not sufficient that jurisdiction may be inferred argumentatively from its averments."); *Axel Johnson, Inc. v. Carroll Carolina Oil Co.,* 145 F.3d 660, 663 (4th Cir.1998); 13E Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3611 (3d ed. 2009) ("an allegation of a party's residence alone is not sufficient, since ... that is not equivalent to domicile or citizenship for subject matter jurisdiction purposes"). Consequently, plaintiff's allegations regarding the individual defendants must also be amended pursuant to 28 U.S.C. § 1653 to establish this Court's subject-matter jurisdiction over this matter.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss and plaintiff's motion for expedited jurisdictional discovery are both **DENIED**. Pursuant to 28 U.S.C. § 1653, plaintiff is hereby **GRANTED** leave to amend the imperfect, and thus "defective," jurisdictional allegations in the complaint within seven (7) days of the date of this Opinion and Order. If plaintiff is unable to amend the complaint in such a way as to establish complete diversity of citizenship within that period of time, the Court will **DISMISS** this matter, without prejudice, for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**